Wash, J.,
delivered the opinion of the Court.
This was an action of ejectment 'brought by Fryer v. Dougal, to recover a lot of ground in the city of St. Louis. The case was submitted to the Court below, and the facts found after the manner of a special verdict, and upon the finding, judgment was rendered for Fryer, to reverse which, Dougal now prosecutes his writ of error in this Court.
*30 The facts as found by the special verdict are in substance, that on the Sih day of November, 1803, Santeago Clamorgan, and Joseph Braseau, at St. Louis,-in the province of Upper Louisiana, before Carlos Dehault Delasous, then Lieutenant Governor of Upper Louisiana, in the office of a public scrivener, and in the presence of tvyo attesting witnesses, executed an instrument of writing, by which the said Clamorgan sold, ceded, transferred and abandoned to said Joseph Braseau, forever, among other things, a lot of ground of one hundred and twenty feet front, by two hundred feet in depth; situated ip the upper pqrt of the city of St. Louis, on Church street, &C>, to have and dispose of it according to his will, as of a thing to him appertaining and rightfully acquired, and acknowledged to have received the consideration of said sale at the time oí the execution thereof 5 and the Court sitting as a jury further found, that the said Joseph Braseau, by the same instrument in writing, (in considerar tion of the friendship vyhich he professed for his God-son, called St, Eutrope, the natural son of said Clamorgan, as also for two other natural children of said Glamorgan, one a little girl called Apoline, who is described in said instrument as being of the age of eight months, the other a little boy called Cyprian Martial, who is also described in said instrument as being of the age of about five months) ; made a pure irrevocable donation of the said lot, to the said St. Eutrope, Apoline, and Cyprian Martial, to be disposed of as a thing to them appertaining in full propriety and.rightfully acquired, «pom the burthen cml condition of not being• able to me the said lot for selling it, encumbering it, or pledging it, before the youngest shall have twenty-five years complete, when they all unanimously and with one consent, may dispose of the same according to their free will; and in case the said boys or girl shall die before the age of twenty-five years, or after, those remaining alive shall be heirs of the said deceased, that is, if said deceased shall have no children to inherit, but in that case, those children shall be heirs on the part of the deceased father or mother. And the Court sitting as a jury did further find, that said instrument in writing was recorded in the office of the recorder of the county of St. Louis, on the I8U1 day of July, 1825: that the said St. Eutrope was born free on the 13th of April, 1802; that the said Apoline was bom free on the 7th of Eebruary, 1803, and that the said Cyprian was bom free on the 10th of June, 1803: that before the 15th of November, 1826, said Eutrope died intestate without issue: that on the said last mentioned day, the said Apoline and Cyprian executed in due form of law, a deed of partition, which was duly acknowledged and recorded in the proper office on the Sd of July, 1827 : that previous to the 20th of Sept., 1827, the said Cyprian died intestate and without issue, and that on the said 21st of Sept., 1827, the said Apoline executed, fora valuable consideration, a deed to Charles Collins, which was duly acknowledged and recorded the 29th of January, 1828 : that on the 9th of July, 1828, the said Apoline. for a valuable consideration, executed also a deed to the plaintiff below, (Fryer,) which was duly acknowledged and recorded on the 11th of July, 1828 : that the consideration of $600 expressed in the last mentioned deed, was paid, though not at the time stipulated : that the lot in the declaration mentioned is part of the lots specified in the said several deeds executed by said Cyprian and Apoline, and by said Apoline, and is part of the lot conveyed by Clamorgan to Braseau, and by Braseau to St. Eu-trope, Apoline and Cyprian, as aforesaid: that the lot in the declaration mentioned was conveyed by the said Charles Collins to the defendant, Dougal, on the 22d of November, 1827, and that said Dougal was in possession thereof at the commence»ent of the suit. The several deeds referred to, are set out in the special verdict, *31 and form part thereof. In the deed from Apoline to Collins, she covenants to warrant and defend the title of the premises in dispute in and to the said Charles Collins, his heirs and assigns, &e., against the claims of all persons, &c.
For the plaintiff in error, it is insisted, first, that Fryer is estopped by the deed from Apoline to Collins ; as privy in estate and contract, with full notice of the prior sale, as is evidenced by his own deed, &c.
Second. That the deed to Frjraris fraudulent and void, both by statute and at common law.
Third. That the deed to Collins is good and effectual to convey all the interest the vendor had at the time, notwithstanding the cbndition in the deed from Braseau.
Fourth. That if the deed to Collins be inoperative, sd also is the deed to Fryer, for the same condition which limits the right to sell to twenty-five years, also limits it forever unless done unanimously and with one consent.
Fifth. The deed to Fryer is void, for that the $600 were not paid as stipulated, and the deed was to be void unless they were so paid, &c.
Sixth, It was also urged that the condition or limitation in the deed from Braseau was repugnant and void for that reason. If this last position were true, the cause could be readily disposed of; but we cannot view it in that light. The limitation is not upon the estate, but upon the power to sell, &c., and may well accord with the maxim, that he who has power to give, has power to prescribe the terras of the gift, and onjns est dare ejus est disponen. It is not repugnant to the full property conveyed in the deed from Braseau, that the power of full enjoyment or alienation is withheld for a precise or limited period, (i. e.) until the age of majority under the Spanish law'. The condition was not only not illegal, hut in strict accordance with the law then in force. It is not believed, however, that any provision in the Spanish law, in force at that period, would have prevented Braseau from extending the limitation beyond the age of majority. The principles of the common law assuredly would not have prevented him from doing so. The limitation or personal restraint on the power to sell, &c., imposed by Braseau being valid, let us consider the Other points as they have been raised.
First. Then is Fryer or Apoline estopped by the deed to Collins? We think not. If so, that would be done indirectly, which could not have been done directly. To pass an estate by estoppel, the party must have had power to pass it by a direct conveyance ; which in this case Apoline had not.
Second. Is the deed to Fryer fraudulent and void ? This must depend upon the validity of the deed from Apoline to Collins. Under the view we have taken of the matter; Apoline had no power to sell to Collins, and might well avoid her deed in that behalf, and we would liken if to a conveyance made at this day by a minor under our law, who on arriving at the age of majority should sell to a person who had full knowledge of the previous conveyance.
As to the third point in addition to what has been before said, the change in the law making 21 instead of 25 years the age of majority, cannot change or affect the limitation. If it were legal at the time it was imposed, however arbitrary and unreasonable it might seem, it would still he good for the term prescribed.
Fourth. The fourth point raised has no force in it. The terms of the deed from Braseau show plainly that in case any of the grantees should die without issue before the expiration of the period limited, the part or portion of those dying should belong to the survivor, and Apoline is shown to have been at the date of her- deed.t® *32 Fryer, sole survivor — the other grantees having died without issue — so that her consent alone was sufficient to pass the estate, which should have been done a unanimously and with one consent ” had the other grantees or either of them been living.
Fifth. It is sufficient that the only party who could take advantage of the condition, accepted the money tendered on a different day, and thereby waived that advantage.
Upon the whole- matter, therefore, the judgment of the Circuit Court is affirmed, with costs.