PHILLEBART, Plaintiff in Error, v. EVANS *et al.*, Defendants in Error.

1. The fact that the return of service of process is defective is no ground for dismissing a suit.
2. A defendant who appears and files an answer to a petition will be precluded from taking advantage of a defect in the return of service of process upon himself.

*Errror to Kansas City Court of Common Pleas.*

*Hovey*, for plaintiff in error.

The defendant having appeared and answered could not avail herself of an imperfect return of the summons; and whether good or bad it had answered the end for which it was made. It had caused defendant to appear and answer. (See Bartlett v. McDaniel, 3 Mo. 40.)

*Napton*, for defendant in error.

RYLAND, Judge, delivered the opinion of the court.

From the record in this case it appears that the marshal of Kansas served the petition and writ on the defendant and made his return thereon. The defendant appeared and filed her answer to the plaintiff's petition. She afterwards moved for leave to withdraw the answer, and it was granted to her. She then moved to dismiss the plaintiff's suit, and assigned as a reason therefor the insufficiency of the marshal's return in the writ. The court sustained this motion and dismissed the plaintiff's suit. This was excepted to by the plaintiff, who brings the case here by writ of error.

The judgment of the court below dismissing the plaintiff's suit is erroneous and must be reversed. The defendant had made her appearance to the action and filed her answer. To allow her afterwards to withdraw the answer and move to dismiss the plaintiff's action was improper. The court should have overruled her motion to dismiss. The writ is to bring the party into court, and when the defendant appears and files an answer there is no necessity to see whether the marshal's return is in strict conformity to the law or not. The judgment must be reversed. (See Bartlett v. McDaniel, 3 Mo. 40.) An imperfect return of an officer serving a writ and petition is no reason for the court to dismiss the plaintiff's suit. The judgment is reversed; Judge Scott concurring; Judge Leonard absent.