CHARLES REISSE, *et al.*, Defendants in Error, *vs.* F. A. CLA-
RENBACH, EXECUTOR OF AMELIA BERRI, DECEASED, Plain-
tiff in Error.

1. *Limitations—Statutes of* 1865, *as to age of majority among women—Effect as
to those over eighteen and under twenty-one years at date of their adoption.*—Un-
der the statute of 1865, concerning guardians, curators and minors, (ch. 116,
§ 1) women of the age of eighteen were "considered of full age for all pur-
poses." *Held,* that this statute could not operate retrospectively but only so as
to make women who were, at the time of its adoption, over eighteen but under
twenty-one, of age from the date of its passage. Hence, such an one
having theretofore a right of action for the recovery of lands, would, under a
proper construction of the limitation law, (Gen. Stat., 1865, p. 746, § 4; Wagn.
Stat., 916, § 4) have at least three full years after the adoption of the statutes
of 1865, within which to bring her action.

2. *Equity—Relief on the ground of fraud—Sec.* 10, *Subd.* 5, *art.* II, *of Limita-
tation Law not applicable to land suits.*—The Statute (p. 918, § 10, subd. 5) au-
thorizing action for relief on the ground of fraud, to be brought within five
years after discovery, the discovery having been made within ten years after
the commission of the fraud, has no application to actions for the recovery of
real property. (Rogers *vs.* Brown, *ante,* p. 187.)

3. *Limitations, statute of—Deed to defraud creditors—Sec.* 24, *art. II., Limitation
Law.*—Where a deed is recorded, although made to defraud creditors, and so
far forth an "improper act," it does not prevent an action for the recovery of
the land within the meaning of the statute of limitations, (Wagn. Stat., 920,
§ 24) so as to prevent the running of the statute.

*Error to Cole County Circuit Court.*

*Ewing & Smith,* for Plaintiff in Error.

I. Instruction number six given for plaintiff, was erroneous.
The answer set up an equitable defense based on fraud. And
the instruction declared that, if defendant did not interpose
this defense within ten years after the commission of the
fraud, the defense would not avail. This instruction was
wrong because, 1st. defendant was in possession and had been
for fifteen years before the commencement of this action, and
was not asking any affirmative relief, and hence, the statute
does not apply. (Hunter *vs.* Hunter, 50 Mo., 445.) 2d, if
the statute can be invoked, the instruction was wrong, for the
statute could not begin to run till the discovery of the fraud.
(Hunter *vs.* Hunter, *supra;* Thomas *vs.* Mathews, 51 Mo.,
107.)

II. The statute, prescribing five years limitation to actions for relief on ground of fraud, etc., has no application to real actions. (Hunter vs. Hunter, 50 Mo., 445.)

*Lay & Belch*, for Defendants in Error.

I. Plaintiff's deed, at law, gives her the title, and unless this deed can be set aside for fraud, her title is complete. More than ten years have elapsed since this deed was filed for record, and its existence became known to the whole world. Those under whom defendants claim had their remedy in an action under the statute to quiet their title, or institute proceedings for removing a cloud on it, *quia timet*. (Sto. Eq. Jur., §§ 707, 825.) Hence, the alleged fraud cannot be set up. (Martin's Assignees vs. Smith, 1 Dillon, 85.)

II. Possession, as a rule, will be presumed to follow the legal title. But the defendant and the devisees under the will only claim an equitable title and admit the legal title to be in plaintiff. No presumption can therefore arise in this case of possession in defendant; and besides, the proof is positive and uncontradicted, that the actual possession is in the executor. Again, under the power given the executor to make sale and distribution of all the real estate, the legal right to the possession is in the executor at the present time even as against the devisees. (Tyler Eject., 178 ; id., 60 ; Doe vs. McFarland, 9 Cr., 151 ; Kirk vs. Carter, 54 Pa., 285 ; Wallace vs. Wallace, 1 Am. Law Reg., 42.)

NAPTON, Judge, delivered the opinion of the court.

This is an action of ejectment to recover possession of certain lots in Jefferson City, and was commenced on the 9th of July, 1869. Both parties derive title from Henry Flachs— the plaintiffs as his heirs—the defendants as purchasers under an execution against him. There seems to be no dispute as to the facts. One of the plaintiffs, the wife of Reisse, is a daughter of Henry Flachs, and was born November 17, 1845. Her father was the owner of the lots in controversy; and in 1847, borrowed $100 from one Wagner, and to secure Wagner,

made him an absolute deed to these lots, but with the understanding that upon his paying the $100, Wagner would re-convey. The money was re-paid in 1848 and Wagner did re-convey, but re-conveyed to Flachs' daughter, then two or three years old, and now the plaintiff in this case.

The title of the defendant was based on the invalidity of this conveyance of Wagner to the infant daughter of Flachs, because of Flachs' insolvency at that time. In 1846, one Weiss to the use of Bauer, recovered a judgment before Justice Kennedy against Flachs, and an execution issued and was returned *nulla bona*, and the transcript of this judgment was filed in the office of the clerk of the circuit court, certified by Justice Kennedy's successor, Fulkerson, and on the 2d August, 1850, an execution issued from the clerk's office of the circuit court, returnable to the August term, 1850, under which said lots were levied on and sold, and a deed made to said Weiss. Weiss conveyed to Bauer, who in 1855, conveyed to Berri, and Berri devised to his wife. who was the original defendant in this case. Clarenbach, the present defendant, was Mrs. Berri's executor, and entered an appearance and adopted her answer admitting himself to be in possession.

Berri took possession of these lots and inclosed them in 1856, and he and those claiming under him, have been in possession ever since.

The defendant set up the plea of the statute of limitations and then set up their title under the sheriff's deed, and claimed that the conveyance to the plaintiff, the infant child of Flachs, was void, because it was made to defraud Flachs' creditors. The plaintiffs insisted that this sheriff's deed was void because of various irregularities in the sale, and that the defendants could not go into the question of fraud, as more than ten years had elapsed since the fraud, if any, was perpetrated. and more than five years since its discovery ; and evidence was produced on those points. The plaintiffs had a judgment.

Reisse, et al. v. Clarenbach, Ex'r.

Under the view we have taken of this case, it is deemed unnecessary to notice the details of the testimony offered to show the invalidity of the sheriff's deed in 1850, and of the proof to show a knowledge of all the facts supposed to constitute the fraud, for more than ten years before this suit was brought.

The only questions necessary to be determined, are:

First—Was the plaintiff barred? And, secondly—if the plaintiff is not barred, can the defendant depend on a junior deed, the validity of which depends altogether on establishing the prior deed to have been made to defraud creditors—said prior deed having been made and recorded more than ten years before suit brought.

In regard to the first question there seems no room for doubt, under any reasonable construction of our statutes. In the revised code of 1865, (ch. 116, § 1), concerning guardians, curators and minors, it is enacted that "males of the age of twenty-one years, and females of the age of eighteen years, shall be considered of full age for all purposes, and until those ages are attained, they shall be considered minors." This is a change in the law concerning guardians, etc. In the revision of 1855, and up to the revision of 1865, the provision concerning guardians, minors, etc., (ch. 72, p. 829, § 38) was as follows: "Every guardian or curator shall continue in office, unless sooner discharged, according to law, until the ward, if a male, shall arrive at the age of twenty-one years, and if a female, until her marriage, or arrival at the age of twenty-one years, whichever shall first happen."

At the same time in both revisions of 1855 and 1865, and indeed long anterior to either, the statute of limitations remained in these words: "If any person entitled to bring action," etc., be "within the age of twenty-one years," etc. The word "person," as declared in both codes, applies both to males and females, and this statute without using the terms "minority" or "of full age," expressly protects any one, male or female, from its operation until the age of twenty-one years is attained. If this sweeping clause in the statute concerning

guardians was intended to affect the statute of limitations. it seems strange that a corresponding change was not made in the phraseology of the last named act.  Both are in the same revision, and though one is a·new enactment, and the other a very old one, they must, if possible, be reconciled with each other.  Construing the section in the Guardian act to apply simply to all purposes connected with that act, there would be no discrepancy—but giving the words the extensive meaning they ordinarily possess, they effect material changes, not only in the statute of limitations, but in that concerning wills; whereas, in neither were any changes actually made at the same revision.

This question may become important; it is not so in this case, and therefore, no opinion is given concerning it.  In this case we may concede that this section in the act concerning guardians, had the effect to change the statute of limitations, in regard to females; yet it certainly did not act retrospectively, so as to operate on women who were past the age of eighteen at its passage—at all events, could only so operate as to make such of age from its passage.  And in either construction the plaintiff in this action was not barred.

On the 17th of November, 1863, the plaintiff was eighteen years old, and the statute took effect August 1st, 1866, nearly three years after she had obtained the age of majority fixed by this statute;  and if the act was designed to affect her rights from the time she was eighteen, she had only two months and a half after its passage in which to bring suit. But we are all of opinion that this construction of the act will not do.  There are two other constructions possible; in either of which the plaintiff is not barred.  One is that the act operated on such females as were eighteen at its passage, but giving them still three years from the date of the act; the other, that it did not operate at all on such, but that they still had until twenty-one, and three years after, to bring their action.  In either event, the plaintiff who brought suit on the 9th of July, 1869, was not barred.

Second. The deed under which plaintiff claims, was executed and recorded in 1848. The sheriff's deed, under which defendant claims, was made in 1851 or 1852, and of course could convey no title, had it been in every respect valid to convey all of Flachs' title at that date, unless by establishing the invalidity of the first deed. Accordingly the defendant introduced evidence to show that this deed was fraudulent, as against the creditors of Flachs—that this fraud was discovered within ten years of the facts constituting the fraud, and that this defense was made within five years after the discovery, and the whole case turned upon questions of fact and law growing out of this defense, which assumed the fifth clause of the tenth section of our statute of limitation to apply to actions for the recovery of real property. This subject has been discussed and decided in the case of Rogers vs. Brown, determined at the present term and the conclusion reached that this clause of our statute does not apply to real actions.

Unless, therefore, the twenty-fourth section of this statute has some application to the facts in the present case, it seems useless to notice the details of evidence or the instructions given under the fifth clause referred to. A deed to defraud creditors may well be regarded as an " improper act," but there was no concealment about it. The deed was immediately recorded and the creditors and all the world had notice of it. The creditors and those claiming under them, laid by, and did nothing to have it set aside for upwards of twenty years. It is difficult to perceive how the twenty-fourth section could by any sort of construction be applied to such a case.

The judgment must be affirmed. All the other judges concur.