RORERT C. WALDRON, JR., Plaintiff and Counterdefendant, Respondent-Appellant, *v.* ELIZABETH ANN WALDRON, Defendant and Counterplaintiff, Petitioner-Appellee.

(No. 72-210;

Fifth District—August 28, 1973.

Donald R. Mitchell, Paul G. Schoen, and W. Charles Grace, all of Carbondale, for appellant.

Charles H. Hines, of Carbondale, (Twomey & Hines, of counsel,) for appellee.

Mr. PRESIDING JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal by the plaintiff-husband in a divorce action from a decree and order of the circuit court of Jackson County, entered subsequent to the original divorce action, under the court's continuing jurisdiction. The original decree of divorce entered by the circuit court on July 23, 1968, provided for custody in the defendant-wife, and; "3. That the plaintiff shall pay to the defendant the sum of $180 per month for each of the minor children of the parties as child support, this being a total sum of $360 per month." On the date the divorce decree was entered, the legal age of majority for males in Illinois was twenty-one years of age.

At the time the divorce decree was entered, Mark Calvin Waldron, the eldest son, was fourteen years of age and enrolled in Carbondale Community High School District No. 165. While attending high school he worked at a local hamburger establishment from June, 1970, until December, 1970. After graduating from high school, Mark was employed by the Carbondale Highway Department as a highway engineer's assistant from June, 1971, until December, 1971. Shortly after graduating from high school, Mark enrolled as a part time student in a John A. Logan College, a junior college in Carterville, Illinois.

Effective August 24, 1971, the Illinois Legislature reduced the age of majority for males from twenty one years of age to eighteen years of age. Shortly thereafter, plaintiff discontinued making monthly support checks for Mark. After the child support was discontinued, defendant, as petitioner, filed a petition requesting the entry of an order to compel the plaintiff to continue paying support for Mark for educational purposes or, in the alternative, for an order increasing the amount of support payable to Gary Wayne Waldron, the other minor child of the parties.

The hearing on the petition was held on January 4, 1972, and a decree was entered by the court on January 31, 1972, which ordered the plaintiff to continue support payments for Mark and provided that support payments for each child of the parties were to continue until the child reached twenty one years of age. The court did not apply the 'statute changing the age of majority and concluded that the intention of the parties was that support should continue until the age of twenty one. The court also held that the support was proper for educational purposes, under Ill. Rev. Stat., ch. 40, § 19.

Appellant entered a post trial motion for a retrial or rehearing, and defendant moved for attorney fees and for support payments during the

pendency of the action. These motions were heard simultaneously on June 1, 1972. On June 20, 1972, the court ordered that payment of attorney fees and past due payments of child support be paid within fifteen days of appeal and that $180 monthly support be paid for Mark as and for temporary support pending appeal or further order of the court. From the court's judgments and orders the plaintiff appeals.

■■ Several issues are raised. The defendant-appellee maintains that the appellant did not perfect or protect his right of appeal due to his failure to file a petition in this matter. It is her position that the appellant has failed to make application for modification of the decree as to child support by a sufficient petition, as required by the last paragraph of section 19, chap. 40, Illinois Revised Statutes, 1971. Appellee's position would not be without support if taken at face value. (See *Edwards v. Edwards* (1970), 125 Ill.App.2d 91, 259 N.E.2d 820; *Trimble v. Trimble* (1958), 16 Ill.App.2d 408, 148 N.E.2d 612; and *Stark v. Stark* (1971), 131 Ill. App.2d 995, 269 N.E.2d 107.) However, appellant is not requesting a modification of the divorce decree. Rather, his termination of support payments is in accord with his interpretation of the divorce decree. Therefore, we cannot hold that his appeal is barred by a failure to file a petition to modify the decree.

Appellant contends that the court below erred in its determination that the word "minor" as found in the original decree of divorce meant other than that status of an individual before attainment of majority. Appellant contends that the court erred in its interpretation in two respects: first, by basing its order upon a mistaken belief concerning the record, and secondly, by refusing to consider the applicability of chapter 3, section 131, Illinois Revised Statutes, 1971, which lowered the age of majority for males from twenty one years of age to eighteen.

It is appellant's position that the word "minor" means the status of an individual before the attainment of majority. He cites the case of *Wilson v. Wilson* (1970), 122 Ill.App.2d 142, 257 N.E.2d 810, for the proposition that the meaning of "minority" in divorce actions is determined by the appropriate statutory provision. The appropriate statutory provision which was in effect at the issuance of the divorce decree in question provided that males became of age when they reached twenty one years of age. (Ill. Rev. Stat., ch. 3, sec. 131.) Whether the subsequent revision of that provision has any effect on the situation here depends on several factors.

This is a question of first impression in our jurisdiction, but the results of our research indicate that most jurisdictions which have considered it held that a statutory change of the age of majority does not affect the pre-existing rights of a person, and child support payments are a matter

of vested right. (*Needler v. Needler* (1971), 131 Ill.App.2d 11, 268 N.E.2d 517; *Gregory v. Gregory* (1964), 52 Ill.App.2d 262, 202 N.E.2d 139; *Hawlett v. Hawlett* (1956), 10 Ill.App.2d 513, 135 N.E.2d 224.) Although most jurisdictions have dealt with questions involving the raising of the age of majority, our sister state, Missouri, is one of the few which has had occasion to consider the question posed by lowering the age. In the case of *Dougal v. Fryer* (1830), 3 Mo. 40, 22 Am.Dec. 458, in which the age of the children at the time the statutory change became effective did not appear with certainty, a subsequent change in the law lowering the age of majority from twenty five to twenty one was held not to change or affect the limitation imposed by the grant of an estate to three minors, with the condition that they could not sell it until the youngest had reached the age of twenty five, since the limitation, being legal at the time it was imposed, would be good for the time prescribed. In *Reisse v. Clarenbach* (1875), 61 Mo. 310, in which it appeared that anyone under the age of twenty one years was protected from the operation of the statute of limitations, but that the legislature changed the age of majority of females from twenty one to eighteen, it was held that the act was not retrospective, so as to operate adversely on those females who were eighteen at the time of its passage, they being protected from the operation of the statute of limitations until they were twenty one.

Only one jurisdiction, Kentucky, has considered the exact question that faces us; and it held that the father was not relieved of his duty of support. In *Wilcox v. Wilcox* (Ky. 1966), 406 S.W.2d 152, it was held that a father was not entitled to relief from a decree directing him to pay child support until his child reached the age of majority or became self-supporting, although the legislature subsequently reduced the age of majority from twenty one to eighteen. This position was affirmed in *Collins v. Collins* (Ky. 1967), 418 S.W.2d 739 and *Kirchner v. Kirchner* (Ky. 1971), 465 S.W.2d 299.

■■■ Although all of these cases involved decrees resulting from negotiated settlements and were decided on the principle that the intention of the parties governs, we believe something closely akin to that principle is applicable in the instant case. As the appellant pointed out in his brief, it has long been a rule of construction in determining the meaning of judgments or decrees that one must examine the situation as it existed at the rendition of the judgment. (*People v. Thompson* (1918), 283 Ill. 87, 119 N.E. 41.) The situation as it existed at the rendition of the divorce decree included a statutory provision that the age of majority for males was twenty one years. It was twenty one, and not eighteen, that was the reference point at that time for determining what was meant by "minor" children The trial court was therefore correct in ordering that

the child support payments be continued until the children reached twenty one years of age; and, even assuming that the holding was based on erroneous reasons, reversal would not be warranted. Where the decision of the trial court is correct, it will not be reversed because the court gave a wrong or insufficient reason for its rendition. *People v. York* (1963), 29 Ill.2d 68, 193 N.E.2d 776; *City of Kankakee v. Small* (1925), 317 Ill. 55, 147 N.E. 404; *Troup v. Hunter* (1921), 300 Ill. 110, 133 N.E. 56.

■■ Appellant also argues that the court erred in its holding that Mark was not emancipated. We find support for the court's holding in the case of *Shuff v. Fulte* (1951), 334 Ill.App. 157, 100 N.E.2d 502, which rejected a father's contention that his obligation of support terminated when his children became employed and self-supporting. The basis of the decision was the court's finding that the children had sought employment for their self-preservation, since their mother was unable to maintain them entirely by her earnings from domestic washing and ironing and general housework for hire. Like Mark, the children in the *Shuff* case had gone to work at an early age. The reasoning is even more persuasive when applied to the instant case, where the mother does not even work outside the house and must herself rely on public aid for support. Further, the children in the *Shuff* case had abandoned the parental home, while the eldest son in question here is still living with his mother. We find no error in the court's holding that he was not emancipated.

■■ Appellant next contends that the court erred in finding that the appellant remained obligated for the support of Mark Waldron for educational purposes. Chapter 40, section 19, Illinois Revised Statutes provides, in part:

> "The court may, on application, from time to time, terminate or make such alterations in the allowance of alimony and maintenance, and the care, education, custody and support of the children, as shall appear reasonable and proper. However, after the children have reached majority age, the court has jurisdiction to order payments for their support for educational purposes only."

The court's decree of January 31, 1972, specifically found "[t]hat said Mark Calvin Waldron is still dependent upon his parents for support and maintenance and support for educational purposes, within the meaning of Section 19." The court's order of June 20, 1972, specifically found:

> "That the amount of $180 per month is a reasonable amount for the cost of maintenance, tuition, books, travel and other expenses of said child necessary to his continuing to attend said college * * * and that said child is still dependent upon his parents for maintenance and support for educational purposes."

The court in *Elble v. Elble* (1968), 100 Ill.App.2d 221, 225, 241 N.E.2d 328, 330, summarized the law on this question very succinctly:

> "The Appellate Court has previously considered the question of whether a court may include in a divorce decree an order directing a parent to pay the expenses of a child's college education. [Citations.]
>
> Since the amendment to Section 19 of the Divorce Act (Chapter 40, Section 19, Ill. Rev. Stat.) effective August 31, 1967, there appears to be no question that such an order may be entered with respect to both minor children and children who have attained majority."

As the appellant admits, his case of *Maitzen v. Maitzen* (1959), 24 Ill. App.2d 32, 163 N.E.2d 840, which deals with interest and aptitude standards before such payments may be ordered, was decided prior to the enactment of the statute as it reads now. The statute (Section 19) specifically empowers the court to make the order it did, and the order should not be reversed on the basis of such weak authority.

Appellant finally attacks the circuit court order to pay monthly support pending appeal. We find no merit in this theory that the order is erroneous because it is not specifically authorized by statute. Questions of whether temporary alimony and child support should be allowed and the amount are matters generally within the discretion of the trial court in view of the conditions and circumstances of each case. (*Glover v. Glover* (1971), 132 Ill.App.2d 284, 268 N.E.2d 218.) Unless there is clearly an abuse of discretion, the decree will not be disturbed on review. (*Bush v. Bush* (1942), 316 Ill.App. 295, 44 N.E.2d 767; *Harding v. Harding* (1892), 144 Ill. 588, 32 N.E. 206.) We find nothing to suggest that the court abused its discretion.

We therefore affirm the judgment and orders.

JONES and CREBS, JJ., concur.