MARCELLA YAEGER v. CARL L. YAEGER, JR.

229 N. W. 2d 137.

April 18, 1975—No. 44717.

*Ramier, Soules & Hynes* and *Rodney M. Hynes,* for appellant.
*Lommen & Cole* and *Phillip A. Cole,* for respondent.
*Lindquist & Vennum* and *Norman Newhall,* amici curiae, seeking affirmance.
*Raymond C. Ploetz,* amicus curiae, seeking affirmance.

KELLY, JUSTICE.
This appeal is from a judgment for child support payments as required by a divorce judgment entered on November 8, 1971.

As part of the judgment granting the parties an absolute divorce from each other, plaintiff was awarded custody of one of the parties' minor children, Elizabeth Ann. Provision for support came from the parties' oral stipulation regarding property settlement, alimony, child support, and other items, which stipulation was approved by the court and incorporated into its judgment. The stipulation provided support, "while said child is in her minority * * * minority * * * to terminate at the 21st birthday of 'Elizabeth Yaeger." The court's order and the judgment provided support—

"* * * until said child is married, emancipated, self-supporting, 21 years of age, deceased, or until further Order of the Court."

On June 1, 1973, at which time Elizabeth Ann was 18 years of age, the age of majority in Minnesota was reduced from 21 to 18 by L. 1973, c. 725. Defendant, based on the new law, refused to pay for child support subsequent to that date. The lower court held that the defendant had an obligation to provide support for Elizabeth Ann in accordance with the original decree of November 8, 1971.

We affirm.

The only issue presented to us is whether the change by the legislature in the age of majority relieved the defendant of the obligation to provide support for his 18-year-old child.

Minn. St. 518.54, subd. 2, as amended by L. 1973, c. 725, § 74, defines a "child" as "an individual under 18 years of age, or an individual who, by reason of his physical or mental condition, is unable to support himself." Prior to this change, the statutory age of a child was 21 years of age.

We have released on this date an opinion in the case of Brugger v. Brugger, 303 Minn. 488, 229 N. W. 2d 131 (1975), in which we have considered the effect of L. 1973, c. 725, § 74, on the support provision of a divorce decree which did not contain a stipulation as here. In that case the judgment provided support for

the parties' minor child "until such time as the said child becomes emancipated or reaches the age of 21 years." In that opinion, we pointed out the presumption created by legislative enactment against retroactive effect of statutes and held that, in the absence of any clear intent on the part of the legislature to the contrary, an obligation created by judicial decree prior to the enactment of the age of majority law should not be changed by its subsequent enactment.

We have considered the arguments of the defendant here and find them to be much the same as those we rejected in Brugger. That case is controlling authority upon which to decide the issue here.

The only factual dissimilarity between these facts and those in Brugger is the presence of the stipulation. Other courts that have considered the issue hold that such a stipulation embodies the intent of the parties and constitutes, in effect, a contract, which must remain unaffected by the lowering of the age of legal emancipation.[1]

We hold that the change in adulthood from 21 to 18 under the facts in this case did not relieve this defendant from his agreed-to obligation to support Elizabeth Ann till age 21.

Affirmed.

YETKA, JUSTICE (dissenting).

I dissent for the reasons set forth in my separate dissent in Brugger v. Brugger, 303 Minn. 488, 229 N. W. 2d 131 (1975).

MR. JUSTICE KNUTSON took no part in the consideration or decision of this case.

---

[1] Wilcox v. Wilcox, 406 S. W. 2d 152 (Ky. App. 1966); Paul v. Paul, 214 Va. 651, 203 S. E. 2d 123 (1974); Ruhsam v. Ruhsam, 110 Ariz. 326, 518 P. 2d 576 (1974); Kirchner v. Kirchner, 465 S. W. 2d 299 (Ky. 1971); Collins v. Collins, 418 S. W. 2d 739 (Ky. 1967). See, also, Waldron v. Waldron, 13 Ill. App. 3d 964, 301 N. E. 2d 167 (1973); Monticello v. Monticello, 271 Md. 168, 315 A. 2d 520 (1974).