**In re the Marriage of Martha Ann KUJAWA, Petitioner, Respondent,**

v.

**John David KUJAWA, Appellant.**

**No. C1–86–988.**

Court of Appeals of Minnesota.

Dec. 16, 1986.

Seaneen Brennan, St. Paul, for respondent.

John P. Guzik, Roseville, for appellant.

Heard, considered and decided by POPOVICH, C.J., and LANSING and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

This appeal questions a $450 per month increase in child support for a period ending when the child attains age 21. We affirm.

## FACTS

John David Kujawa, appellant, was ordered to pay $50 per month child support to respondent Martha Ann Kujawa according to the 1971 judgment dissolving the parties' marriage. The support was to be paid "until said child shall reach her majority, become self-supporting or emancipated by marriage." At the time of their divorce, both appellant and respondent were employed and each earned a net income of approximately $600 per month.

In March 1986, respondent filed a motion to increase the child support award and requested that the court order appellant to pay child support until their child, who is now age 17, attains 21 years of age, so long as the child is a student and not emancipated. In an order dated May 1986, the trial court granted respondent's motion.

The court made express findings as to the current income of the parties and the amount of respondent's expenses for herself and the child. Appellant's monthly net income is $2000, based on his reported gross income for 1985 of $39,561. Respondent averaged a net monthly income of $1000 for 1985 when she was employed full-time. However, respondent's earning ability has decreased due to her permanent disability. Respondent's current net income is approximately $627 per month from part-time work. The trial court determined that the ongoing needs of their 16 year old child have increased substantially since 1971, including basic living expenses and costs of education. The court found respondent's current basic expenses for herself and the child are $1867 per month. The order for increased child support does not include findings as to appellant's expenses.

The trial court concluded that the non-custodial parent's increased income, the custodial parent's decreased income, and the increased expenses of the child constituted a substantial change of circumstances that rendered the 1971 support amount unreasonable and unfair. Pursuant to the Minnesota child support guidelines, the court ordered appellant to pay $500 in monthly child support until the child reaches 21 years of age. The court determined the amount and duration of the award was authorized by law because (1) the original obligation to provide support in this case extended to the child's 21st birthday, (2) the court had jurisdiction to modify the award until the child reaches 21 years of age, and (3) the trial court has discretion to apply the child support guidelines to child support awards for children over 18 years of age.

## ISSUES

1. Was the 1971 support award lawfully honored and modified for the period after the child reached age 18?

2. Are the trial court's findings adequate to support modification of the child support award?

3. Did the trial court abuse its discretion in applying the guidelines to determine the amount of the increased support award?

## ANALYSIS

1. The controversy over the duration of child support arises in this case because appellant claims the current statutory definition of "child" acts to cut off his obligation to provide child support on the date the child reaches 18 years of age. Respondent asserts that appellant must pay child support until the child reaches 21 years of age, the age of majority as defined by law at the time of the dissolution decree.

Prior to June 1, 1973, a "child" was defined as an individual under age 21. On June 1, 1973, an amendment defining child as "an individual under 18 years of age" became effective and remained in effect until May 17, 1983. On May 18, 1983, yet another definition of child took effect. The statute now provides:

"Child" means an individual under age 18 years of age, an individual under age 20 who is still attending secondary school, or an individual who, by reason of

his physical or mental condition, is unable to support himself.

Minn.Stat. § 518.54, subd. 2 (1984).

After the age of majority was lowered from 21 to 18 in 1973, the Minnesota Supreme Court held that the amended statute had no effect on child support provisions contained in divorce decrees entered prior to its enactment. *Brugger v. Brugger*, 303 Minn. 488, 495, 229 N.W.2d 131, 136 (1975). *See also Yaeger v. Yaeger*, 303 Minn. 497, 498–99, 229 N.W.2d 137, 138 (1975). The child support judgments at issue in *Brugger* and *Yaeger* stated that the noncustodial parent was required to pay a child support payment until the child reached the age of 21. *Yaeger*, 303 Minn. at 498, 229 N.W.2d at 138; *Brugger*, 303 Minn. at 489, 229 N.W.2d at 132. The court in *Brugger* found that the legislature had not provided a clear and manifest intent that the statute on age of majority should be applied retroactively. *Brugger*, 303 Minn. at 495, 229 N.W.2d at 136. *See* Minn.Stat. § 645.21 (1984) ("[n]o law shall be construed to be retroactive unless clearly and manifestly so intended by the legislature"). The court noted:

> [S]upport provisions are usually so intertwined with other rights and obligations in divorce decrees that it usually cannot be said that the child's right to support is the only part of the decree that would be affected by a holding that the child support provisions for child support beyond 18 years of age in decrees entered prior to the enactment of the statute are now void.

*Brugger*, 303 Minn. at 494–95, 229 N.W.2d at 135–36.

Appellant attempts to distinguish *Brugger* and *Yaeger* in that the support award in those cases specified child support payments were required until the child reached a specific chronological age, where in this case the support award requires payments until the child shall "reach her majority." We reject appellant's argument in light of the Minnesota Supreme Court's decision in *Nicosia v. Nicosia*, 304 Minn. 551, 229 N.W.2d 26 (1975). The support award in *Nicosia* required payments until the child would reach her majority. *Id.* at 552, 229 N.W.2d at 26. In a per curiam decision, the court stated that the question presented by the *Nicosia* support award was governed by the decision in *Brugger* and *Yaeger*. *Id.* The supreme court held the district court properly ordered the obligor to continue payments until the child reached age 21, even though the legislature had reduced the age of majority from 21 to 18. *Id.; see also Kleinhuizen v. Kleinhuizen*, 354 N.W.2d 588, 589 (Minn.Ct.App.1984) ("child" is defined by the law in effect at the time of the dissolution).

■ The trial court correctly concluded appellant is required to pay the increased amount of support until the child reaches 21 years of age, the age of majority in 1971.

■ In *Winter v. Winter*, 375 N.W.2d 76 (Minn.Ct.App.1985), *pet. for rev. denied*, (Minn. Dec. 30, 1985), this court recognized that trial courts retain jurisdiction to increase or decrease child support for the duration of the support period. *Id.* at 79. Thus, the trial court had authority here to order appellant to pay the increased award to respondent until the child reaches 21, becomes self-supporting, or marries.

■ 2. The trial court modified the child support award pursuant to Minnesota Statutes § 518.64 (Supp.1985). Trial courts must consider the standards expressly provided in the statute to determine whether a modification of support is warranted. *Moylan v. Moylan*, 384 N.W.2d 859, 865 (Minn.1986).

The trial court found that the noncustodial parent's income had increased since the time of the original award, the custodial parent's income had decreased, and the needs of the child had increased. The court concluded "there has been a substantial change in circumstances that renders the 1971 decree unreasonable and unfair."

Appellant contends the court's findings are inadequate because the court did not specify that portion of the respondent's expenses that are attributable to their

child. The modification statute expressly mandates consideration of the child's needs. Minn.Stat. § 518.64, subd. 2 (Supp. 1985); *see also Moylan*, 384 N.W.2d at 864.

The trial court made general statements as to the child's needs. The court found "the ongoing needs of the minor child, now age 16, have increased substantially since 1971, including but not limited to basic living costs and costs of her education." The court also included the costs of the child's education in the custodial parent's current basic expenses. We conclude that, consistent with the dictates of *Moylan,* the findings reflect that the trial court considered the needs of the child. *See id.* at 865; *see also Rosenfeld v. Rosenfeld,* 311 Minn. 76, 82–83, 249 N.W.2d 168, 171–72 (1976) (findings as a whole must reflect consideration of a mandatory statutory factor).

3. After determining a modification in support was warranted, the court applied the child support guidelines to determine the amount of support. *See* Minn. Stat. § 518.551 (1984). The trial court has discretion in determining whether to apply the child support guidelines when modifying a child support obligation for children between 18 and 21 years of age. *Winter* 375 N.W.2d at 80.

The trial court did not abuse its discretion in applying the guidelines to determine the amount of support in this case. In cases not involving public assistance, the guidelines amounts are only "starting points" to determine support, but they may be ordered when the decision is supported by findings on relevant facts. *Moylan,* 384 N.W.2d at 863. Here the supporting findings are adequate. The mother's current income and expenses, her decreased earning capacity due to disability, and the child's plans to attend college in the near future are factors supporting the court's decision to apply the 25 percent guideline figure. The trial court made no finding on the monthly expenses of appellant, but appellant did not present to the trial court any claim of inability to pay the guidelines amount.

## DECISION

The trial court did not err in determining the duration and amount of appellant's child support obligation.

Affirmed.