In re the Marriage of Suzanne M. **ANDERSON, a.k.a. Suzanne M. Barnett, Petitioner, Appellant,**

v.

**Roger W. ANDERSON, Respondent.**

No. C5–87–230.

Court of Appeals of Minnesota.

Aug. 11, 1987.

Douglas A. Myren, Minneapolis, for appellant.

David K. Hebert, Jergens, Hebert, Welch & Humphreys, Forest Lake, for respondent.

Heard, considered and decided by FOLEY, P.J., and FORSBERG and CRIPPEN, JJ.

## OPINION

FORSBERG, Judge.

This appeal is from a denial of a motion seeking child support arrearages and an award of child support under Minn.Stat. § 518.54, subd. 2 (1986). We reverse and remand.

## FACTS

Suzanne Anderson, appellant, and Roger Anderson, respondent, were granted a dissolution of their marriage on May 30, 1972. Appellant was awarded custody of the parties' two children, Lisa, then age 7, and Michael, then age 5. The decree provided inter alia that respondent would pay child support for each child until that child attained the age of 21 years, became emancipated, entered the military service, married, or became self-supporting. The decree also provided that respondent would maintain medical, hospitalization, and life

insurance for the benefit of each child until that child reached age 21.

At the time of the dissolution, the age of majority was 21 years. In 1973, however, the Minnesota legislature lowered the age of majority to 18 years of age. *See* 1973 Minn. Laws ch. 725, § 74.

Michael was a sickly child, who developed recurrent infections and anemia. Lymphocytotic leukemia was diagnosed, complicated by spinal meningitis, which rendered him completely deaf in 1973. Appellant had difficulty controlling and disciplining Michael, and in 1974, respondent moved the court to transfer custody of Michael.

Respondent did not move to modify the amount or duration of child support for Lisa. Yet, after the hearing, the referee amended the decree by substituting the phrase "age of majority" for "age 21." The referee did not make any findings to explain the change. Respondent was awarded custody of Michael. The court reserved the issue of child support for Michael.

In 1979, Michael was placed in the joint custody of the parties. Except for a brief period of time, however, Michael lived with respondent until he reached age 18. He then commenced living with appellant.

Respondent ceased making child support payments for Lisa on October 11, 1982, when she turned 18 years old. Consequently, in September of 1986, appellant moved the court to award child support arrearages for the period between Lisa's 18th and 21st birthdays (November 1982 through October 1985). Appellant also sought child support for Michael, claiming that he was unable to support himself pursuant to Minn.Stat. § 518.54, subd. 2.

A family court referee ruled that the decree required respondent to pay child support arrearages for Lisa until she reached age 21, and ordered that respondent pay $9,000 in arrearages, less $2,300 which he had previously paid for Lisa's college expenses. Respondent was ordered to pay monthly child support payments of $250 for Michael until he either attained the age of 21, or became emancipated.

Respondent requested review of the order, and the trial court reversed the referee's order, concluding that "age of majority" in the amended decree meant age 18. Thus, the court held that respondent was not obligated to pay child support for either Lisa or Michael beyond age 18.

## ISSUES

1. Did the trial court err in determining that the language "age of majority," in the 1974 amended decree terminated respondent's child support obligations at age 18, where the original decree was entered in 1972 and specifically provided for support until age 21?

2. Should respondent pay child support for the parties' son, pursuant to Minn.Stat. § 518.54, subd. 2?

## ANALYSIS

### I.

Appellant argues that "age of majority" in the amended decree should be construed to mean age 21, as set forth in the original decree, claiming that the statutory change in the age of majority may not be retroactively applied to a decree entered prior to the amendment of the statute, citing *Brugger v. Brugger*, 303 Minn. 488, 229 N.W.2d 131 (1975) and *Yaeger v. Yaeger*, 303 Minn. 497, 229 N.W.2d 137 (1975). These cases both held that in dissolution decrees entered before the effective date of the 1973 statutory amendment, the words "age of majority" meant "age 21"—the age of majority at the time of the initial decree.

Appellant further points out that at the time the original decree was amended in 1974, respondent had not moved to modify the child support provisions pertaining to Lisa. Thus, she argues that the court did not intend, by its substitution of the words "age of majority," to modify the meaning of the original child support provisions providing for support until age 21.

Respondent contends, and the trial court held, that since the original decree was *amended* in 1974, *after* the statutory change, "age of majority" must be inter-

preted to mean 18 years of age, the age of majority at the time of the *amendment*. The trial court held that the 1974 amendment made *Brugger* and its progeny inapplicable to this action.

■ We disagree. Child support may be modified only after a court has considered the factors set forth at Minn.Stat. § 518.64; *see Moylan v. Moylan*, 384 N.W.2d 859, 865 (Minn.1986). This was never done, since, at the time of the amendment, there was no motion before the court to modify respondent's child support obligation with respect to Lisa. Thus, the words "age of majority" relate back to "age 21" in the original decree.

## II.

■ Appellant further asks this court to consider whether Michael is entitled to receive child support until age 21 pursuant to Minn.Stat. §§ 518.54 and .57. These statutes provide in relevant part:

> Upon a decree of dissolution, * * * the court may make a further order which is just and proper * * * for the maintenance of any child of the parties as defined in section 518.54, as support money, * * * either at the time of the entry of the judgment or by subsequent order upon proper application.

Minn.Stat. § 518.57, subd. 1 (1986).

> "Child" means an individual * * * who, by reason of physical or mental condition, is incapable of self-support.

Minn.Stat. § 518.54, subd. 2 (1986). *See e.g.*, *McCarthy v. McCarthy*, 301 Minn. 270, 274, 222 N.W.2d 331, 334 (1974) (applying statute); *Kiesow v. Kiesow*, 270 Minn. 374, 385, 133 N.W.2d 652, 660 (1965) (applying statute). Appellant contends that Michael has various physical and emotional problems related to his hearing impairment which prevent him from achieving self-sufficiency.

Respondent argues that appellant offered no proof to show that Michael is unable to support himself, and suggests that Michael's inability to do so, stems, not from any disability, but rather, from his desire to "take advantage of the parent who is from time to time most sympathetic

to him." Although raised below, the trial court did not address this issue. Therefore, we must remand the case to allow the trial court to determine whether Michael is eligible for support under § 518.54, subd. 2.

## DECISION

We reverse the trial court's denial of appellant's motion for child support arrearages, and remand this case to the trial court to determine the applicability of Minn.Stat. § 518.54, subd. 2 to this action.

Reversed and remanded.

CRIPPEN, Judge, dissenting.

I respectfully dissent.

The trial court concluded it could not alter the meaning and effect of an amendment of the judgment in 1974. The amendment called for support for each child until the child attained the "age of majority." The controlling law in effect in 1974 provided that a child reached majority at age 18. The trial court did not err in concluding that the 1974 amendment called for support for each child until the child reached age 18. *See McClelland v. McClelland*, 393 N.W.2d 224, 226–27 (Minn.Ct.App.1986) (absent the alteration of rights that have become unconditional, a court is to apply the law in effect at the time it renders its decision), *pet. for rev. denied*, (Minn. Nov. 17, 1986).

Appellant contends that the 1974 amendment must be disregarded because it was not meant to change the provision found in the 1972 judgment. However, unless the trial court found cause to open and review the 1974 decision, the court was not at liberty to disregard its effect by considering the intentions of the parties or the court that made the amendment.

It is also contended that the trial court erred when it proceeded to amend the judgment in 1974. Whether or not this is true, the issue is not before us now. There has been no showing of proper cause to review and alter the judgment amendment concluded in 1974.

The trial court felt bound by the form of the judgment in the case. Although this conclusion may be undesirable in the circumstances of the case, the posture of the case precludes other choices of action.