Betty Wilson, Plaintiff-Appellee, v. Brooks Wilson, Defendant-Appellant.

Gen. No. 69–209.

Second District.

April 13, 1970.

Raymond T. Brasel, of Geneva, for appellant.

Reese, Schlueter & Ecklund, of Rockford, for appellee.

MR. JUSTICE ABRAHAMSON delivered the opinion of the court.

This appeal is from the judgment of the Circuit Court of Winnebago County ordering the defendant, Brooks Wilson, to pay to the plaintiff, Betty Wilson, the sum of $1,985 in arrearages for child support. On December 18, 1968, a motion for rule to show cause why defendant should not be held in contempt of court for failure to make child support payments totaling $3,000 was filed by plaintiff, which motion was subsequently modified by further requesting a money judgment for arrearages in her behalf. Defendant filed a motion to strike or dismiss the amended motion of plaintiff, which was denied.

An order was entered on August 23, 1969, denying plaintiff's motion for rule to show cause, but judgment was entered for plaintiff and against defendant in the sum of $1,985 for arrearages. The defendant appealed.

The issue presented here is whether the defendant is obligated as a matter of law to pay child support for male children between 18 and 21 years of age.

Plaintiff and defendant were divorced on January 9, 1959; the decree was modified three times, the last order being entered on March 2, 1962, as follows:

"D. That during the time that said minor children are in the care and custody of the plaintiff, the defendant shall and he is hereby directed to pay to the plaintiff for the care, support and maintenance of said minor children the sum of Ten ($10.00) Dollars per week per child, or a total of Thirty ($30.00) Dollars per week as and for child support the first such weekly payment being due and payable on the date of this order."

The defendant made support payments until each of the two older boys, Jared and Jack, reached 18 years of age. Joel, the youngest son, is now 17 years of age and the parties stipulated that defendant was $305 in arrears for his support. On July 4, 1963, Jared attained the age of 18 years. He attended college in Iowa but continued to reside with the plaintiff summers, weekends, and vacations. The plaintiff paid for his clothing, insurance, other items, and contributed toward his college expenses. On November 11, 1966, Jack attained the age of 18 years. He attended college in his home town, except for a brief period, and then entered military service in July, 1969. The plaintiff maintained a home for him and paid his living expenses during that time. Both boys were employed part time.

The plaintiff testified that she and the two older boys had requested support for them from the defendant

after he discontinued payments, and that she consulted an attorney about the arrearages and was advised to wait. She claims that since defendant failed to pay support during the three years prior to Jared's 21st birthday, defendant owed $1,560 for his support; from the time Jack became 18 years of age and his entry into the military service, defendant should have paid $1,110 for his support; and defendant was $305 in arrears for Joel's support; a total of $2,975 in arrearage.

Defendant contends that since no provision was made for the duration or termination of the obligation of child support, he should not be required to pay child support for male children between the ages of 18 and 21 years; or in the alternative, that if he is compelled to pay such support, his obligation should be modified with consideration for periods in which the children earned significant sums in employment, and that any payments should be made directly to the children or for their benefit. Defendant further contends that since plaintiff took no action to recover any sums alleged to be due her for almost six years, she should be estopped from asserting any claim on defendant; and that any sums recovered by her would be a "windfall" and unjust enrichment of plaintiff, since neither child resides with her at this time.

Defendant testified that he contributed more than $6,095 directly to Jared and Jack during the years they were between 18 and 21 years of age.

The trial court held that defendant was responsible for the support of the children of the parties until they attained the age of 21 years; that under the evidence the plaintiff had not agreed nor acquiesced to the cessation of support payments by defendant when the boys reached 18 years of age, and had made requests for same as did the boys themselves; but that defendant's failure to make payments in this case did not demonstrate any action requiring the exercise of the contempt powers of the court. The court further held that defendant can

145

only be credited with a total of $990 toward contributions, the amount over and above any sums advanced to the children for college expenses, which are not necessarily limited nor ordered by the court; that plaintiff is entitled to the arrearage which defendant failed to pay prior to the dates of the emancipation of Jack and the majority of Jared and the current support of Joel, which total $2,975; but that equity does not require the award of costs and fees. Therefore, judgment was entered in favor of the plaintiff for the sum of $1,975.

■■■■ The decree as last modified on March 2, 1962, provides for child support of said "minor" children, but defendant claims that the decree does not specifically state the duration or termination of the obligation of child support. He directs the court's attention to section 32 of the Non-Support of Spouse and Children Act, (c 68, Ill Rev Stats 1967), and section 52 of the Uniform Reciprocal Enforcement of Support Act, (c 68, Ill Rev Stats 1967), and states that under these acts minority ceases upon a child having attained the age of 18. The Non-Support Act is a criminal act under which the State's Attorney prosecutes when the provisions of that act are violated, and the Uniform Reciprocal Enforcement of Support Act provides for reciprocal action in other states and in matters where the Divorce Act is not applicable. Section 51(c) of the Reciprocal Act limits the terms including the term "minor" to have the meaning given to them by that section. Chapter 68, section 57, Ill Rev Stats 1967, is as follows:

> "This act shall be construed to furnish an additional or alternative civil remedy and shall in no way affect or impair any other remedy, civil or criminal provided in any other statute and available to the petitioner in relation to the same subject matter."

Chapter 3, section 131, Ill Rev Stats 1967, provides as follows:

> "Males of the age of 21 and females of the age of 18 shall be considered of legal age for all purposes . . . and until these ages are attained, they shall be considered minors."

The Divorce Act, section 19, chapter 40, Ill Rev Stats 1967, provides as follows:

> "When a divorce is decreed, the court may make such order touching the alimony and maintenance of the wife or husband, the care, custody and support of the children, or any of them as, from the circumstances of the parties and the nature of the case, shall be fit, reasonable and just and, in all cases, including default cases, the court shall make inquiry with respect to the children of the parties, if any, and shall make such order touching the care, custody and support and education of the minor children of the parties or any of them, as shall be deemed proper and for the benefit of the children."

Defendant has cited no case to substantiate his contention that the definition of "minor" as contained in section 131, chapter 3, Ill Rev Stats 1967, does not apply. It is clear under Illinois case law that in a divorce action the liability of a spouse for support of a child continues during the minority of the child. (Crane v. Crane, 45 Ill App2d 316, 196 NE2d 27; Leland v. Brower, 28 Ill2d 598, 192 NE2d 831; Kelley v. Kelley, 317 Ill 104, 147 NE 2d 659.) It is our opinion that "minority" in divorce actions is determined by section 131, chapter 3, Ill Rev Stats 1967, namely, that males become of age when they are 21 and females become of age when they are 18 years of age.

■ Defendant states that plaintiff should be estopped from asserting any claim of support as she had acquiesced to the termination of support at age 18, but this is not borne out by the record. In fact, the plaintiff and the sons made periodic demands for support after the sons had attained the age of 18, respectively. The defendant cannot terminate child support unilaterally as the decree is a continuing order. (Kaifer v. Kaifer, 286 Ill App 433, 438, 3 NE2d 886.) It is not for the defendant to decide when and for what reasons he shall stop support payments. (Trimble v. Trimble, 16 Ill App2d 408, 413, 148 NE2d 612.) Furthermore, it was held in Hurt v. Hurt, 351 Ill App 427, 431, 115 NE2d 638, that past due installments of alimony and support money are a vested right and that the court has no authority to modify them either as to amount or time of payment.

■ Defendant contends that a recovery now will be a "windfall" to the plaintiff because the two oldest children reached their majority some time ago and that she could use the money awarded her now for her own benefits. It is previously noted the cessation of child support payments were made against the will of the plaintiff. The law cannot be that if the defendant can avoid making timely child support payments, they are uncollectable after the child reaches his majority. The factual situation here precludes any valid defense of estoppel to assert the claim for child support. Anderson v. Anderson, 48 Ill App2d 140, 147, 198 NE2d 342.

■ Finally, defendant maintains that even if it is determined that his sons were minors until the age of 21, he should nevertheless have a setoff for payments made by him for or to the benefit of his sons, and for the periods during which they earned significant sums in employment. The trial judge in determining the setoff to be allowed defendant gave him a credit of $990 against the amount owing under the divorce decree as modified.

■■■■■■■

On the basis of the evidence submitted, we cannot say that the trial judge's determination was erroneous.

The trial judge's findings are sustained by the evidence and the judgment appealed from is affirmed.

Judgment affirmed.

DAVIS, P. J. and SEIDENFELD, J., concur.