Robert D. Carpenter, Plaintiff-Appellant, v. Helen E. Carpenter, Defendant-Appellee.

(No. 73-30; )

Second District—August 28, 1974.

Lewis V. Morgan, Jr., of Wheaton, for appellant.

Jacobs & Spencer, of Villa Park, for appellee.

Mr. JUSTICE RECHENMACHER delivered the opinion of the court:

This case presents only one question: Where a divorce decree provides (in accordance with an agreement between the parties) for child-support payments for "minor" male child (or children) and subsequent statute reduces the age of majority of males from 21 to 18 years, which age is applicable in construing the word "minor"?

Mr. Carpenter, the divorced husband, appealed from the order of the circuit court of Du Page County, denying his post-decree petition requesting termination of his child-support obligation for his son, Richard, who attained the age of 18 years on June 13, 1971, and the application of child-support payments made by him after Richard reached age 18 as a credit on his child-support arrearage. He invoked the amendment of section 131 of the Probate Act (Ill. Rev. Stat. 1971, ch. 3, par. 131), reducing from 21 years to 18 years the age of majority for males. It became effective on August 24, 1971, and as amended provides as follows:

"Persons of the age of 18 shall be considered of legal age for all

purposes * * *, and until this age is attained they shall be considered minors."

The divorce decree which was entered in July of 1970 incorporated the terms of a negotiated property settlement agreement between the parties whereby, among other things, the husband (appellant herein) agreed to "pay to the wife the sum of $450 per month child support for the three minor children of the parties hereto, being the sum of $150 per month per child." All three children were boys. Charles, the oldest, was 20 years old at the time of the decree and had reached his 21st birthday shortly thereafter. Richard was then 16 years of age and Lance, the youngest, was 12 years old.

At the time of the decree and the property settlement the statute in question provided that males of the age of 21 were considered of legal age, and until that age was attained were considered minors, while the age of majority for females was 18.

It should be noted in passing that on October 21, 1971, almost 2 months after the effective date of the amendment reducing the age of majority for males from 21 to 18, the appellant filed his petition for reduction of child-support payments with respect to Richard, pursuant to which an order was entered by the circuit court of Du Page County reducing such payments from $150 to $80 per month. Appellant's brief states that when he did so he was unaware of the enactment of the amendment.

In *Wilcox v. Wilcox* (Ky. 1966), 406 S.W.2d 152, the court was presented with the very same question that we have here. In that case the decree was based upon a negotiated settlement which provided for child-support payments by the father until the child reached the age of majority (or became self-supporting). Subsequent legislation reduced the age of majority from 21 to 18. That court held that the father was not entitled to relief terminating child-support payments despite the intervening legislation reducing the age of majority, and that the father was required to make such payments until age 21. See also *Collins v. Collins* (Ky. 1967), 418 S.W.2d 739, and *Kirchner v. Kirchner* (Ky. 1971), 465 S.W.2d 299.

██ In *Waldron v. Waldron* (1974), 13 Ill.App.3d 964, the provision for child-support payments in the divorce decree was not based upon a negotiated settlement (as in the instant case and as in *Wilcox*, supra). The decree, in that case entered when the legal age of majority of males was 21, required the father to pay "$180 per month for each of the [two male] minor children of the parties as child support, this being a total of $360 per month." In holding that the father remained obligated to pay

support until his son reached the age of 21 years, the court said at page 967:

> "[I]t has long been a rule of construction in determining the meaning of judgments or decrees that one must examine the situation as it existed at the rendition of the judgment. [Citation.] The situation as it existed at the rendition of the divorce decree included a statutory provision that the age of majority for males was twenty one years."

■■ In the instant case the decree incorporated a negotiated settlement requiring the father to pay child-support payments for the (male) minor children of the parties. On the date of the agreement and the decree it was contemplated that such payments would continue until the children attained age 21 which was then the statutory age of majority for male children. The intervening amendment reducing to 18 the age of majority from 21 did not affect the father's obligation to pay child support until age 21 or until the child was emancipated.

Therefore, the judgment of the circuit court of Du Page County is affirmed.

Judgment affirmed.

GUILD and SEIDENFELD, JJ., concur.