EDWARD FISK, Plaintiff-Appellant, *v.* JAMES W. SHUNICK, Defendant-Appellee.

Second District (1st Division)    No. 75-22

Opinion filed March 31, 1976.

Howard Prestwich, of Freeport, for appellant.

Ole Bly Pace III, of Ward, Ward, Cateendyck, Murray & Pace, of Sterling, for appellee.

Mr. PRESIDING JUSTICE GUILD delivered the opinion of the court:

The question presented herein is the effect of, and the applicability of, the amendment to the Probate Act lowering the age of majority for males to the age of 18 (Ill. Rev. Stat. 1971, ch. 3, par. 131) and its application to the pertinent sections of the statute of limitations of the State of Illinois tolling the two-year statute of limitation for personal actions as to males "within the age of twenty-one years" (Ill. Rev. Stat. 1971, ch. 83, par. 22) under the prior statute or "within the age of 18 years" under the statute, as amended, where that person "may bring the action within 2 years after the disability is removed" (Ill. Rev. Stat. 1973, ch. 83, par. 22, as amended effective July 1, 1972).

The trial court dismissed the complaint for failure "to file complaint for cause of action for personal injuries within the period of limitations" and plaintiff-appellant has appealed.

The appellant was injured on his bicycle on July 25, 1965. He was then 13 years old. He became 18 on March 25, 1970, and 21 on March 25, 1973. This action was filed on June 7, 1974. The tolling statute in effect at the time of the injury (Ill. Rev. Stat. 1965, ch. 83, par. 22) provided as follows:

> "If the person entitled to bring an action, mentioned in the nine preceding sections, is, at the time of the cause of action accrued, within the age of twenty-one years, or if a female, within the age of eighteen years, or insane, or mentally ill, or imprisoned on a criminal charge, he or she may bring the action within two years after the disability is removed."

Effective July 1, 1972, this act was amended as follows:

> "If the person entitled to bring an action, mentioned in the 9 preceding sections, is, at the time of the cause of action accrued, within the age of 18 years, or insane, or mentally ill, or imprisoned on a criminal charge, he or she may bring the action within 2 years after the disability is removed." (Ill. Rev. Stat. 1973, ch. 83, par. 22.)

Effective August 24, 1971, section 131 of the Probate Act (Ill. Rev. Stat. 1971, ch. 3, par. 131) was amended, lowering the age of majority of males to the age of 18, as follows:

> "Persons of the age of 18 shall be considered of legal age for all purposes, except that of the Illinois Uniform Gifts to Minors Act, and until this age is attained, they shall be considered minors."

The defendant contends that under the provisions of the above-cited

acts that the final date appellant had to commence suit for personal injuries was August 24, 1973. He arrives at this date by basing his argument that the disability of minority was lowered to 18 as of the effective date of the amendment to the Probate Act, August 24, 1971, and that appellant therefore had two years from that date, under the provisions of the tolling statute cited above, within which to bring his cause of action.

Appellant, on the other hand, first contends that under the law existing at the time of the accident, that he had until March 25, 1975, to file his suit. Appellant further contends that pursuant to the amendment of section 21 of the Limitations Act (Ill. Rev. Stat. 1973, ch. 83, par. 22), lowering the age of majority to 18, that he had until July 1, 1974 (two years after the effective date of that Act), within which to bring his cause of action. Appellant states he met either requirement as his suit was filed June 7, 1974.

In support of the defendant's argument in this regard he has cited *Kilgour v. Gockley* (1876), 83 Ill. 109, 116. In *Kilgour* the Supreme Court, in considering the statute of limitations as applicable to real actions, held that at the time that the then statute of limitations was passed, that the minority of all persons extended to 21 years. At the time in question in *Kilgour* the court stated that by a subsequent statute the minority of females ceased at the age of 18 years. The court, in considering the language of the applicable statute of limitations, *i.e.* "***provided, the action shall be begun within three years after the disability shall cease," held that when the female minors therein attained the age of 18, the disability of minority ceased and that the three years were to run from the date of their 18th birthday.

In *Tavernier v. Weyerhaeuser Co.* (9th Cir. 1962), 309 F. 2d 87, the United States Circuit Court of Appeals for the Ninth Circuit, in a case factually similar to the one before us, considered the above case of *Kilgour v. Gockley*, and found to the contrary. The court there held that where the tolling statute says, with no exceptions, "within the age of 21 years" that "***all persons within that age should be entitled to rely upon its plain import, rather than required to read it as if it said 'within the age of majority.' " 309 F. 2d 87, 90.

We are, of course, bound by the decisions of the Illinois Supreme Court. The shortening of the periods of limitation is discussed in 51 Am. Jur. 2d, sections 38 and 39 under Limitation of Actions, and we quote therefrom:

> The question as to what shall be considered a reasonable time allowed under a statute shortening the limitation period is for the determination of the legislature, and is in no sense a judicial question, and unless the time allowed is so manifestly insufficient that it becomes a denial of justice the court will not interfere with the legislative discretion. The reasonableness of each limitation pre-

scribed by a statute shortening the period of limitation must be separately judged in the light of the circumstances surrounding the class of cases to which it applies, and if the time is reasonable as regards the class it will not be deemed unreasonable because it may operate harshly in some particular or exceptional instance. On the other hand, if the legislature makes the time so short that the right to sue is practically denied, the courts will declare the time unreasonable***." 51 Am. Jur. 2d *Limitation of Actions* §39 (1970).

■■ In the case before us the legislature lowered the age of majority for male persons to 18 years of age effective August 24, 1971. At that time the appellant herein was 19 years of age. Were we to apply the rule laid down in *Kilgour*, he would have had two years after his 18th birthday, March 25, 1970, within which to file his cause of action, to-wit: on or before March 25, 1972. As more liberally contended by the defendant, plaintiff would have had two years from the effective date of the Act, August 24, 1971, and should therefore have filed his cause of action on or before August 24, 1973. The cause of action was not filed until June 7, 1974, and thus was beyond the permissible time in either case. We therefore find that under the facts of this case that the statute of limitations (Ill. Rev. Stat. 1973, ch. 83, par. 15) and the tolling statute (Ill. Rev. Stat. 1973, ch. 83, par. 22) effective July 1, 1972, are applicable.

■■ Appellant further contends that these Acts were repealed by implication and that there is a presumption against implied repeal. In view of our finding above we do not agree and expressly find that the lowering by the legislature of the age of majority of male persons in the Probate Act (Ill. Rev. Stat. 1971, ch. 3, par. 131) is applicable to the provisions of section 21 of the Limitations Act, effective July 1, 1972 (Ill. Rev. Stat. 1973, ch. 83, par. 22). Nor do we agree that the passage of this act, subsequent to the enactment of the Probate Act, lowering the age of majority of males effective August 24, 1971, is controlling. In either event, the complaint herein was filed beyond the period permitted and as tolled by the provisions changing the age of majority effective July 1, 1972. The judgment of the trial court dismissing the complaint is affirmed.

Affirmed.

SEIDENFELD and HALLETT, JJ., concur.