BETTY M. DUNSKY, Plaintiff-Appellant, *v.* FRED F. DUNSKY, Defendant-Appellee.

First District (4th Division)  No. 61324

Opinion filed April 14, 1976.—Rehearing denied September 7, 1976.

Jerome Berkson and Beermann, Swerdlove, Woloshin & Barezky, both of Chicago (Miles N. Beermann, of counsel), for appellant.

Reynolds & Reynolds, of Chicago (George C. Rantis, of counsel), for appellee.

Mr. PRESIDING JUSTICE JOHNSON delivered the opinion of the court:

This is an action brought by Betty M. Dunsky, now Betty M. Jacobson, plaintiff, against Fred F. Dunsky, her former husband, defendant, claiming arrearages in child support. On October 15, 1975, the defendant

was ordered to pay $25 per week to Lee Dunsky for the period from January 5, 1974, to June 15, 1974, as support and assistance for educational expenses, and a sum of $35 per week to Lee Dunsky thereafter, provided he was a full time student, but payments were to cease during the summer months. Plaintiff appeals from this order and raises the following issues for review: (1) whether the trial court erred in refusing to find defendant in arrears of child support payments; (2) whether the trial court erred in ruling that the son of the parties reached majority at age 18 rather than 21, thus interpreting the law to be that the controlling statutory provision prescribing the age of majority is one in effect at the time of the ruling instead of the statute in effect at the time the decree was entered; (3) whether the trial court erred in terminating child support nunc pro tunc; (4) whether the defendant is obligated to pay interest to plaintiff on past due child support payments; (5) whether the trial court erred in ordering that defendant pay less than half the amount needed for his son's college education; and (6) whether the trial court erred in summarily refusing to order defendant to pay plaintiff's attorney's fees.

The facts reveal that the parties herein were married June 10, 1943, and that plaintiff was awarded a divorce on February 14, 1957. Plaintiff waived alimony but was awarded custody of the two minor children, Gail and Lee Dunsky. The decree also provided for an award of child support and maintenance in the amount of $60 per week as indicated by the two paragraphs which follow:

> "That the defendant shall continue to pay plaintiff the sum of SIXTY ($60.00) DOLLARS per week, as heretofore ordered by this Court on May 21, 1956, as and for the support of their two minor children; said sum being based on defendant's net earnings of not exceeding ONE HUNDRED TWENTY FIVE ($125.00) DOL-LARS per week, and said sum shall not include any allowance he receives from his employer on account of his automobile expense. That said weekly payment of SIXTY DOLLARS per week shall be and is hereby made retroactive as of May 21, 1956 and the Order of Court entered as of that date is hereby modified and amended to provide that said sum of SIXTY DOLLARS per week is solely for the support and maintenance of said minor children. THE COURT DOES HEREBY FIND that defendant has paid plaintiff all support payments due her for the support and maintenance of said minor children to and including February 2, 1957."

The defendant made all of the payments from February 2, 1957, to January 5, 1974, at which time he informed plaintiff of his intention not to make any more payments because both children had reached their 18th birthday. The daughter was 28 years old.

On August 26, 1974, plaintiff filed a petition in which she alleged that Lee Dunsky was a full time student at the University of California and that his educational expenses, tuition, housing, books, fees, travel, telephone and miscellaneous expenses exceeded $3500. Plaintiff also alleged that defendant ceased making payments on January 5, 1974, so there was an arrearage of $1800 for 1974, and that prior to 1974 there was an arrearage of $240 so that the total arrearage up to August 3, 1974, was $2040. Plaintiff then alleged that Gail Dunsky, the parties' 28-year-old disabled daughter, afflicted with cerebral palsy, although receiving net earnings of $300 per month and having a master's degree, needed financial assistance because her net income was insufficient to pay all of her necessary expenses. Finally, plaintiff alleged that she was in need of financial assistance to support and maintain and assist the children in acquiring a formal education and, since she contributed a substantial portion of her income toward support, maintenance and education of said children, she needed additional financial assistance from the defendant.

The petition prayed that defendant be ordered to pay all sums due plaintiff for child support pursuant to the divorce decree or, alternatively, that a rule to show cause be entered against defendant showing why he should not be held in contempt for failing to comply with the divorce decree, that the court determine and set an amount to be paid by defendant to assist the plaintiff in supporting and educating the son, and that defendant be ordered to pay plaintiff's reasonable attorney's fees.

Defendant's answer alleged that he made every weekly support payment of $60, including November 24, 1973, the date of Lee Dunsky's 18th birthday. He also alleged that at the time the divorce decree was entered, females reached majority at age 18; that Gail reached her majority in 1964 but notwithstanding this fact he continued to pay plaintiff and was entitled to a credit of $30 per week or $15,600 from the time his daughter reached her majority in 1964. The petition prayed that the court construe the decree and find that the $60 weekly child support be reduced by one-half when Gail reached her majority, that he was entitled to a credit of $15,600 and that child support payments be reduced to $30 per week or, in the alternative, that Lee be deemed emancipated. Plaintiff filed a reply which denied the material allegations of defendant's answer, but alleged a $240 arrearage as of November 24, 1973. She also alleged that defendant was obligated to pay child support until Lee's 21st birthday, and that he was not entitled to a credit for previous child support payments.

On October 15, 1975, the court in its order modified the divorce decree nunc pro tunc to January 5, 1974, as follows: (1) defendant was ordered to pay Lee Dunsky $25 per week for assistance and educational purposes to June 15, 1974, and $35 per week thereafter provided he was still a full time student and these payments were to cease during the summer months, but

plaintiff was to pay her own attorney's fees. Then, on October 29, 1974, the October 15 order was modified to read that all payments due from defendant were to be applied to child support and assistance for educational purposes.

The plaintiff argues that the trial court correctly ruled that defendant was liable for child support in the amount of $60 per week in the absence of a petition to modify the decree when the oldest child reached her majority, but erred in refusing to find defendant in arrears for child support payments that were not made. We disagree with plaintiff because an examination of the October 15 order reveals that the trial court ordered the defendant to pay $25 for the period running from January 5, 1974, the date the defendant made his last payment, until June 15, 1974, the date we assume Lee Dunsky got out of school for the summer. The question becomes whether the trial court could modify the child support award nunc pro tunc as of January 5, 1974, and whether $25 was the appropriate award due and owing plaintiff. The defendant concedes that the trial court improperly modified the divorce decree nunc pro tunc as of January 5, 1974, so we will not consider this question. However, we must still determine whether or not an arrearage existed.

■■■ The divorce decree provided that the defendant was liable for child support in the amount of $60 per week, and the record reveals that defendant paid his support payments religiously from the time of his divorce in February 1957 until January 5, 1974. He ceased making child support payments because he concluded his son reached his majority on his 18th birthday. Defendant based his conclusion on the amendment to section 131 of the Probate Act (Ill. Rev. Stat. 1973, ch. 3, §131) which reduced the age of majority for males from 21 to 18. But, this was an incorrect interpretation of the amendment. Courts have held that the amendment to section 131 did not affect the father's obligation to pay child support until the age of 21. (*Bobus v. Bobus* (1974), 24 Ill. App. 3d 428, 321 N.E.2d 169; *Carpenter v. Carpenter* (1974), 21 Ill. App. 3d 1022, 1024, 316 N.E.2d 207.) Moreover, the defendant could not unilaterally terminate support payments because the decree is a continuing order. *Wilson v. Wilson* (1970), 122 Ill. App. 2d 142, 148, 257 N.E.2d 810.

In Illinois, past due installments of child support granted pursuant to a decree of divorce are a vested right and are not subject to modification either as to amount or time of payment. (*Strum v. Strum* (1974), 22 Ill. App. 3d 147, 149, 317 N.E.2d 59; *Slavis v. Slavis* (1973), 12 Ill. App. 3d 467, 472, 299 N.E.2d 413.) Therefore, the cessation of payments was improper and plaintiff is entitled to $60 for the period of the arrearage. Although the trial court awarded plaintiff $25 for the period from January 5, 1974, to June 15, 1974, we think the arrearage should have been for the period

from January 5, 1974, through August 26, 1974, the date defendant filed his answer to plaintiff's petition and sought a modification of the divorce decree.

■■ The appellant urges that the trial court erred in failing to order the defendant father to pay the full amount needed for the son's college education. This issue was recently before the court in *Sovey v. Sovey* (1975), 30 Ill. App. 3d 690, 333 N.E.2d 299, where it said at pages 691-92:

> "It is now well settled a court of equity may require the parents, or one of them, as a part of a divorce proceeding to provide for the care and education of their children for periods beyond the minority of such children. (*Strom v. Strom*, 13 Ill. App. 2d 354, 142 N.E.2d 172; *Maitzen v. Maitzen*, 24 Ill. App. 2d 32, 163 N.E.2d 840.) Where the father's financial ability is ample to provide a college education for his child and the child shows an aptitude that would indicate he would benefit from such college education, the court may in the exercise of its discretion require the father provide such college education. (*Duvall v. Duvall*, 8 Ill. App. 3d 53, 289 N.E.2d 59.) As indicated in the foregoing cases, provision for college education may be required even though the child may be an adult."

Outside the State, authority in well-reasoned cases has held that a court should require divorced parents to contribute toward the support and education of their adult children when circumstances so indicate. *Maitzen v. Maitzen* (1959), 24 Ill. App. 2d 32, 163 N.E.2d 840.

■■ The question of care and education of children beyond the period of their minority is a matter within the sound discretion of the trial court and we cannot say that the order appealed from constituted an abuse of discretion. The defendant was ordered to contribute to the son provided he is a full time student. The support of a child is a joint and several obligation of both husband and wife, the amount and source thereof to be determined on the basis of the needs of the child and the means and capacity to produce income of the respective parents. *Hursh v. Hursh* (1975), 26 Ill. App. 3d 947, 951, 326 N.E.2d 95.

The trial court in its order of October 29, 1974, stated, "It is further ordered that the court finds that each party is financially able to pay their own attorney's fees." The question of attorney's fees rests in the sound discretion of the trial court and it will not be interfered with unless abused. (*Greenbaum v. Greenbaum* (1973), 14 Ill. App. 3d 217, 221, 302 N.E.2d 165.) The record indicates that plaintiff has an annual net income of $9700 and the defendant's net is $15,700. We hold that the trial court did not abuse its discretion by ordering the parties to pay their respective attorney's fees.

The order in the lower court did not rule on the question of interest due on past support payments; therefore, we will not consider it here. Accord, *Mrzlak v. Ettinger* (1975), 25 Ill. App. 3d 706, 713, 323 N.E.2d 796.

The judgment of the circuit court is affirmed, except that child support payments are to be computed at the rate of $60 per week for the period January 5, 1974, through August 26, 1974.

*Affirmed as modified.*

BURMAN and ADESKO, JJ., concur.