JOSEPH L. KITCHING, Plaintiff-Appellant, *v.* LOETA R. RIDINGS, Defendant-Appellee.

Second District (1st Division)  No. 76-75

Opinion filed February 1, 1977.

Robert D. Greenwalt, of Harold Spelman & Assoc., of Chicago, for appellant.

Gerald M. Sheridan, Jr., of Wheaton, and Robert F. Casey, of Geneva, for appellee.

Mr. JUSTICE GUILD delivered the opinion of the court:

On October 23, 1975, plaintiff commenced this action for bodily injury which allegedly occurred on July 16, 1969, when plaintiff was bitten by a horse kept by defendant. Defendant moved to dismiss the complaint on the basis that plaintiff's action was barred under the limitation provisions of sections 14 and 21 of the Limitations Act (Ill. Rev. Stat. 1975, ch. 83, pars. 15, 22), as amended. The trial court granted defendant's motion to dismiss on December 2, 1975. Plaintiff appeals.

The following sequence of events is pertinent upon this appeal:

(1) July 16, 1969: Date of alleged injury.

(2) May 20, 1971: Plaintiff became 18 years of age.

(3) August 24, 1971: Effective date of the amendment of section 131 of the Probate Act (Ill. Rev. Stat. 1971, ch. 3, par. 131) which lowered the age of majority from 21 to 18 years for males.

(4) July 1, 1972: Effective date of the amendment of section 21 of the Limitations Act (Ill. Rev. Stat. 1972 Supp., ch. 83, par. 22) to conform to section 131 of the Probate Act.

(5) May 20, 1974: Plaintiff reached the age of 21.

(6) October 23, 1975: The complaint was filed.

The question to be decided herein is whether the plaintiff's cause of action is governed by the statutes in effect at the time of the alleged injury or whether either the 1971 amendment of the Probate Act or the 1972 amendment of the Limitations Act affected his cause of action.

At all times pertinent herein the general assembly has provided for a general 2-year statute of limitations for injury to the person (Ill. Rev. Stat. 1975, ch. 83, par. 15). At the time of the alleged injury section 131 of the Probate Act provided:

> "Males of the age of 21 and females of the age of 18 shall be considered of legal age for all purposes, * * * and until these ages are attained, they shall be considered minors."

At the same time section 21 of the Limitations Act provided:

> "If a person entitled to bring an action, mentioned in the nine preceding sections, is, at the time of the cause of action accrued, within the age of twenty-one years, or if a female, within the age of eighteen years, or insane or mentally ill, or imprisoned on a criminal charge, he or she may bring the action within two years after the disability is removed."

Effective August 24, 1971, section 131 of the Probate Act was amended to read as follows:

> "Persons of the age of 18 shall be considered of legal age for all purposes, except that of the Illinois Uniform Gifts to Minors Act, and until this age is attained, they shall be considered minors."

Thereafter, and effective July 1, 1972, section 21 of the Limitations Act was amended to read as follows:

> "If the person entitled to bring an action, mentioned in the 9 preceding Sections, is, at the time the cause of action accured, within the age of 18 years, or insane, or mentally ill, or imprisoned on a criminal charge, he or she may bring the action within 2 years after the disability is removed." Ill. Rev. Stat. 1973, ch. 83, par. 22.

In the recent case of *Fisk v. Shunick* (1976), 37 Ill. App. 3d 81, 345 N.E.2d 194, this court was confronted with the same issue. In that case we correctly held that the plaintiff's cause of action was barred. We based our decision on the fact that the plaintiff's cause of action was not filed within 2 years of either his 18th birthday or August 24, 1971, the effective date of the amendment to the Probate Act. We reached the result by relying upon *Kilgour v. Gockley* (1876), 83 Ill. 109.

In *Kilgour* the supreme court was asked to construe the existing statute of limitations applicable to real actions with the existing law establishing that the minority of females ceased at the age of 18 years. The language in the statute of limitation that the supreme court was asked to construe is

substantially similar to the language that we are asked to construe herein. The court in *Kilgour*, in commenting on the applicable statute of limitations stated, at page 115:

"The Statute of Limitations, relied upon by the appellant in this regard, provides that the act 'shall not extend to lands or tenements where there shall be an adverse title to such lands and tenements, and the holder of such adverse title is *under the age of 21 years*, insane,' and so forth, 'provided such person shall commence an action to recover such lands within three years after the several *disabilities* herein enumerated *shall cease to exist*.' Gross' Statutes, chapter 24, page 102, section 10." (Emphasis added.)

The court in *Kilgour* then held that the reference to "disabilities" ceasing to exist in the statute of limitations was intended to incorporate by reference the statute setting the age of majority for females at 18 years. The period of limitations ran from the female's 18th birthday, despite the prior reference to age 21 in the limitations statute. Thus, *Kilgour* held that a female who turned 18 after the effective date of the statute had to bring her action within the prescribed period after her 18th birthday. For a similar holding with respect to the statutes here involved, see *Earley v. Louisville & Nashville R.R. Co.* (7th Cir. 1975), 518 F. 2d 55.

Applying the reasoning of *Kilgour* to the factual situation at bar, we hold that the reference to a removal of a "disability" in section 21 of the Limitations Act was intended to encompass changes such as that made in the age of majority for males by the 1971 amendment to section 131 of the Probate Act. We further note that by the express language of that amendment the plaintiff, as well as all other persons of the age of 18, were "to be considered of legal age for *all* purposes." We find that the legislature, in using this language, intended to affect the rights of these persons to file suit for causes of action previously accruing to them. Therefore, the "disability" of males referred to in section 21 of the Limitations Act was removed on August 24, 1971 for all males between the ages of 18 and 21 on that date. Accord, Annot., 75 A.L.R.3d 228, §16 (1977), and cases cited therein.

We are aware of the admonition in *Hathaway v. Merchant's Loan & Trust Co.* (1905), 218 Ill. 580, 75 N.E. 1060, and subsequent cases that prospective application of a statutory amendment is favored where retrospective application would fail to provide a reasonable time for filing a claim in all cases. Under the holding of this case all prospective plaintiffs who had not attained the age of 18 before the effective date of the amendment to the Probate Act had or shall have two years from the date of their 18th birthday in which to file suit. All prospective plaintiffs who were between the ages of 18 and 21 when the Probate Act was amended had two years from August 24, 1971, within which to file suit. All

plaintiffs whose cause of action accrued while they were minors and who subsequently achieved the age of 21 before the Probate Act was so amended had two years from the date of their 21st birthdate to file suit, and as such were not affected by the amendment. Our holding is in full compliance with the requirements of *Hathaway*.

Accordingly, we affirm the order of the trial court dismissing plaintiff's cause of action as being barred by section 21 of the Limitations Act as so construed. We further note that to any degree that this opinion may seem to be inconsistent with our prior opinion in *Fisk*, that this opinion is controlling.

Affirm.

RECHENMACHER, P. J., and SEIDENFELD, J., concur.