MARK T. GOODWIN, Plaintiff-Appellee, *v.* STANTON L. GOLDSTEIN, M.D., *et al.*, Defendants-Appellants.

Third District    No. 76-85

Opinion filed March 21, 1977.

Stuart R. Lefstein, of Katz, McAndrews, Durkee & Telleen, of Rock Island, for appellants Stanton L. Goldstein, M.D., and Charles L. Watters, M.D.

James D. Mowen, of Bozeman, Neighbour, Patton & Noe, of Moline, for appellant Moline Hospital.

Robert G. Thompson, of Westchester, for appellee.

Mr. JUSTICE BARRY delivered the opinion of the court:

This action was brought to recover damages for personal injuries occasioned by the alleged negligence of the defendants, Stanton L. Goldstein, M.D., Moline Public Hospital and Charles L. Watters, M.D., in rendering medical treatment and care to the plaintiff, Mark T. Goodwin. The three defendants each moved separately to dismiss plaintiff's complaint on the ground that it is barred by the statute of limitations. On February 5, 1976, those motions were denied, and on February 23, 1976, the court denied Moline Public Hospital's motion to reconsider. Additionally, on February 23, 1976, the trial court entered an order certifying that there was substantial ground for difference of opinion as to its ruling and that an immediate appeal might advance the ultimate termination of the litigation. Thereafter the defendants, pursuant to Supreme Court Rule 308 (Ill. Rev. Stat. 1975, ch. 110A, par. 308), filed an application to this court for leave to appeal the interlocutory orders of February 5 and 23, and the same was allowed on March 31, 1976. The question raised on the pleadings is whether the plaintiff's claim is barred by the statute of limitations.

Count I of the complaint alleges that the plaintiff was born November 29, 1950; that the defendant, Stanton L. Goldstein, M.D., negligently rendered medical and surgical care to the plaintiff between August 15, 1967, and September 18, 1967; and that such negligence proximately caused injuries to the plaintiff. Counts II and III make substantially similar charges against defendants Moline Public Hospital and Charles L. Watters, M.D. September 18, 1967, is the last date that the complaint charged negligence against anyone. At that time plaintiff was of the age of 16 years, 9 months and 19 days. Pertinent statutes then in effect provided:

> "Actions for damages for an injury to the person, * * * shall be commenced within two years next after the cause of action accrued." Ill. Rev. Stat. 1967, ch. 83, par. 15.

> "If the person entitled to bring an action, mentioned in the nine preceding sections, is, at the time of the cause of action accrued, within the age of twenty-one years, or if a female, within the age of eighteen years, or insane, or mentally ill, or imprisoned on a

criminal charge, he or she may bring the action within two years after the disability is removed." Ill. Rev. Stat. 1967, ch. 83, par. 22.

"Males of the age of 21 and females of the age of 18 shall be considered of legal age for all purposes, except that of the Illinois Uniform Gifts to Minors Act [enacted by the 71st General Assembly], and until these ages are attained, they shall be considered minors." Ill. Rev. Stat. 1967, ch. 3, par. 131.

Effective as of August 24, 1971, when the plaintiff was of the age of 20 years, 9 months and 25 days, section 131 of the Probate Act (Ill. Rev. Stat. 1971, ch. 3, par. 131) was amended so as to provide:

"Persons of the age of 18 shall be considered of legal age for all purposes, except that of the Illinois Uniform Gifts to Minors Act, and until this age is attained, they shall be considered minors."

Effective as of July 1, 1972, when the plaintiff was of the age of 21 years, 7 months and 2 days, section 21 of the Limitations Act (Ill. Rev. Stat., ch. 83, par. 22) was amended so as to provide:

"If the person entitled to bring an action, mentioned in the 9 preceding Sections, is, at the time the cause of action accrued, within the age of 18 years, or insane, or mentally ill, or imprisoned on a criminal charge, he or she may bring the action within 2 years after the disability is removed."

On November 28, 1973, when the plaintiff was one day short of his 23rd birthday, he filed suit against the defendants.

■■ An action based on medical malpractice is a tort action and is, therefore, governed by the two-year statute of limitation found in section 14 of the Limitations Act (Ill. Rev. Stat. 1975, ch. 83, par. 15), as well as the following statute, section 21 of the Limitations Act (Ill. Rev. Stat. 1975, ch. 83, par. 22). It has long been the law in Illinois that the ages set forth in section 21 were intended to refer to the disability of minority. (*Kilgour v. Gockley* (1876), 83 Ill. 109.) When the statute defining the disability of minority is amended, the statute of limitations, though not amended, will begin to run after the disability is removed, as described in the statute defining the disability. (*Kilgour v. Gockley* (1876), 83 Ill. 109.) The rationale for this is that the use of the word "disability" in section 21 of the Limitations Act refers to the legally imposed disability of minority as defined in the Probate Act, regardless of the fact that specific ages are recited in section 21 itself. *Kilgour v. Gockley* (1876), 83 Ill. 109.

In *Kilgour v. Gockley*, the Illinois Supreme Court found that, although the statute of limitations continued to define the disability of minority as applying to all persons "under the age of twenty-one years," the statute defining minority limited the minority of females to the age of 18. For that reason, the Supreme Court held that the statute of limitations began to run

for females at the age of 18 , not 21. A like result was had in *Davis v. Hall* (1879), 92 Ill. 85.

These principles have been applied more recently. The Illinois Appellate Court has decided a case very similar to this one. In *Fisk v. Shunick* (2nd Dist. 1976), 37 Ill. App. 3d 81, 345 N.E.2d 194, the appellant was 19 years old on August 24, 1971, the effective date of the amendment to the Probate Act. Since the cause of action in that case was filed on June 7, 1974, more than two years after the effective date of the Probate Act amendment, the cause of action was barred by the running of the statute of limitations. The Seventh Circuit Court of Appeals has also found this to be the law of Illinois. *Earley v. Louisville & Nashville R.R. Co.* (7th Cir. 1975), 518 F.2d 55.

With the law so well settled in Illinois, it is futile for the plaintiff to argue that the tolling in the Limitations Act is not controlled by the definition of minority in the Probate Act. Nor is his argument that we are applying the amendment retrospectively valid. We are not deciding that the plaintiff's disability was removed when he was 18 years old. On the other hand, it was definitely removed when the legislature amended the definition of minority in the Probate Act. From that time, we apply the statute of limitations prospectively, allowing the plaintiff to bring his action within two years after the effective date of the amendment of the Probate Act. Since the plaintiff did not file his complaint within two years after the effective date of the amendment of the Probate Act, the plaintiff is barred from asserting this cause of action.

The plaintiff presents two other arguments. First it is argued that this action could be brought within two years of the plaintiff learning of the injury. Although this is the law (*Lipsey v. Michael Reese Hospital* (1970), 46 Ill. 2d 32, 262 N.E.2d 450), there is nothing in the record which supports this theory of the case.

The contention next raised by the plaintiff is that, since there is an exception in the definition of minority recited in the Probate Act for the Uniform Gifts to Minors Act (Ill. Rev. Stat. 1975, ch. 3, par. 531 *et seq.*), to construe the amendment to the Probate Act as controlling the tolling statute would be to deny certain minors, as defined in the Uniform Gifts to Minors Act, a right to sue a custodian for conversion. The minors with which the plaintiff is concerned are those over 18 but not yet 21, because the Uniform Gifts to Minors Act defines a minor as a person under 21 years of age. (Ill. Rev. Stat. 1975, ch. 3, par. 531(m).) The plaintiff seems to overlook the fact that the Uniform Gifts to Minors Act deals with the manner in which a gift may be made to a person under 21, not whether a person under 21 can bring a suit. Furthermore, if we interpreted the interrelationship of these statutes as the plaintiff suggests, females

between the age of 18 and 21 could never have brought an action against their custodian for conversion of a gift made under the Uniform Gifts to Minors Act. After all, during the life of that Act, the age of majority for females recognized by the Limitations Act was the same as that in the Probate Act, 18. Since the manner in which a gift to a person under 21 must be made has no relevance to whether that person has a right to initiate a suit in his or her own name, the plaintiff's argument is unpersuasive.

Accordingly, the order of the Circuit Court of Rock Island County denying the defendants' motions to dismiss is vacated and the motions to dismiss are granted on the ground that the plaintiff's cause of action is barred by the running of the statute of limitations.

Order denying dismissal vacated and cause dismissed.

ALLOY, P. J., and STOUDER, J., concur.