MICHAEL A. FLOYD, Plaintiff-Appellant, *v.* HERMAN LUNDE *et al.*, Defendants-Appellees.

Third District   No. 76-504

Opinion filed November 3, 1977.

Joseph E. Fitzgerald, of Cunningham & Fitzgerald, of Hinsdale, for appellant.

David R. Berard, of O'Brien and Garrison, of Joliet, for appellees.

Mr. JUSTICE BARRY delivered the opinion of the court:

This appeal was brought by the plaintiff, Michael A. Floyd, from the dismissal of his suit against Herman and Helen Lunde. The reason for the trial court's dismissal of the cause was that the plaintiff failed to file his claim within the time specified by law.

The factual basis for the plaintiff's action was an automobile collision occurring on June 18, 1962. The plaintiff, born on January 15, 1952, was 20 years old in 1972. However, effective August 24, 1971, section 131 of the Probate Act (Ill. Rev. Stat. 1971, ch. 3, par. 131) was amended to provide:

> "Persons of the age of 18 shall be considered of legal age for all purposes, except that of the Illinois Uniform Gifts to Minors Act, and until this age is attained, they shall be considered minors."

Effective as of July 1, 1972, section 21 of the Limitations Act (Ill. Rev. Stat. 1971, ch. 83, par. 22) was amended to provide:

> "If the person entitled to bring an action, mentioned in the nine preceding sections, is, at the time of the cause of action accrued, * * * within the age of eighteen years, or insane, or mentally ill, or imprisoned on a criminal charge, he or she may bring the action within two years after the disability is removed."

The suit involved in this appeal was commenced on January 11, 1974, within two years of the plaintiff's 21st birthday.

The only issue raised by the plaintiff is whether the trial court erred by giving retroactive effect to the amendment to the Limitations Act (Ill. Rev. Stat. 1971, ch. 83, par. 22). In a factually similar case, we have already decided that the definition of minority in the Probate Act (Ill. Rev. Stat. 1971, ch. 3, par. 121) controls the Limitations Act and that, therefore, a plaintiff 18 years of age or older on the effective date of the amendment to the Probate Act, though not yet 21, is required to bring his action within two years after the effective date of the amendment to the Probate Act. (*Goodwin v. Goldstein* (3d Dist. 1977), 46 Ill. App. 3d 704, 361 N.E.2d 128.) Therefore, we find that the trial court did not err in dismissing the plaintiff's action.

Accordingly, the order of the Circuit Court of Will County is affirmed.

Affirmed.

STENGEL, P. J., and SCOTT, J., concur.