KATHY JESCHKE, Plaintiff-Appellant, *v.* BILLY J. RUHLOW *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 77-834

Opinion filed April 4, 1978.

Cooney & Stenn, of Chicago (Robert S. Minetz and Neil D. O'Connor, of counsel), for appellant.

Meyers & Matthias, of Chicago, for appellees.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

Plaintiff, Kathy Jeschke, brought an action seeking to recover damages allegedly sustained as a result of a collision with an automobile owned and operated by defendants, Billy J. and Sarah Ruhlow, and allegedly occasioned by defendants' negligence. Defendants filed a motion to dismiss contending that the action was not timely filed. Plaintiff thereafter filed a motion for partial summary judgment seeking a finding that section 21 of the Limitations Act (Ill. Rev. Stat. 1969, ch. 83, par. 22) is unconstitutional as applied on the ground that such application would violate the equal protection of the law guarantees of the United States and Illinois Constitutions. The trial court denied plaintiff's motion and approved the following question for review pursuant to Supreme Court Rule 308 (Ill. Rev. Stat. 1973, ch. 110A, par. 308):

> "Whether a lawsuit filed on August 14, 1973 by a female born on May 19, 1953 concerning an injury occurring to her in an

automobile accident on July 9, 1970 is barred by Ill. Rev. Stat. 1969, ch. 83, par. 22 or whether this statute would be unconstitutional if applied to these facts to bar her cause of action."

At all times pertinent herein, the general assembly has provided for a general two year statute of limitations for injury to the person. (Ill. Rev. Stat. 1973, ch. 83, par. 15.) At the time such injury was allegedly inflicted in the instant case, section 131 of the Probate Act provided:

> "Males of the age of 21 and females of the age of 18 shall be considered of legal age for all purposes, * * *, and until these ages are attained, they shall be considered minors." (Ill. Rev. Stat. 1969, ch. 3, par. 131.)

During this time, section 21 of the Limitations Act provided:

> "If the person entitled to bring an action, * * *, is, at the time of the cause of action accrued, within the age of twenty-one years, or if a female, within the age of eighteen years, * * *, he or she may bring the action within two years after the disability is removed." (Ill. Rev. Stat. 1969, ch. 83, par. 22.)

Effective August 24, 1971, section 131 of the Probate Act was amended to read as follows:

> "Persons of the age of 18 shall be considered of legal age for all purposes, * * *, and until this age is attained, they shall be considered minors." (Ill. Rev. Stat. 1971, ch. 3, par. 131.)

Thereafter, and effective July 1, 1972, section 21 of the Limitations Act was amended to read as follows:

> "If the person entitled to bring an action, * * *, is, at the time the cause of action accrued, within the age of 18 years, * * *, he or she may bring the action within 2 years after the disability is removed." (Ill. Rev. Stat. 1973, ch. 83, par. 22.)

■█ The first of several issues raised by defendants suggests that plaintiff lacked standing to challenge the constitutionality of the former majority statute or its application in connection with the Limitations Act. It is well established that a court will not entertain a challenge to the constitutionality of a statute by a party who is not affected by the statute or aggrieved by its operation. (*Edelen v. Hogsett* (1969), 44 Ill. 2d 215, 254 N.E.2d 435.) Defendant asserts that the statutory provisions in question discriminate, if at all, against males.

■█ We find this argument to be without merit. A party has standing to challenge the validity of a statute if he has sustained or if he is in immediate danger of sustaining some direct injury as a result of enforcement of the statute. (*Walker v. State Board of Elections* (1976), 65 Ill. 2d 543, 359 N.E.2d 113.) Application of the former majority statute to the facts of this case would effectively preclude plaintiff from asserting her claim for damages to her manifest prejudice. Therefore, although

plaintiff is not a member of the class which was allegedly unfairly burdened by the majority statute (*i.e*, males between 18 and 20 years of age), she has a sufficient personal interest in the matter to raise the constitutional question. See *Harrigfeld v. District Court* (1973), 95 Idaho 540, 511 P.2d 822.

We agree with plaintiff that the former Illinois majority statute, which provided for different ages of majority for men and women, constituted a violation of the equal protection clause of the fourteenth amendment as well as Article I, section 2 of the Illinois Constitution of 1970.

In *Frontiero v. Richardson* (1973), 411 U.S. 677, 36 L. Ed. 2d 583, 93 S. Ct. 1764, a plurality of the United States Supreme Court held that:

> "\* \* \* classifications based upon sex, like classifications based upon race, alienage and national origin, are inherently suspect and must therefore be subjected to close judicial scrutiny." (411 U.S. 677, 682, 36 L. Ed. 2d 583, 589, 93 S. Ct. 1764, 1771.)

In the landmark case of *Reed v. Reed* (1971), 404 U.S. 71, 30 L. Ed. 2d 225, 92 S. Ct. 251, a "traditional" standard was applied so that in order to pass constitutional muster such a classification " 'must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike.' " 404 U.S. 71, 76, 30 L. Ed. 2d 225, 229, 92 S. Ct. 251, 253-54.

In Illinois, classifications which were arguably based solely upon sex have been held to be suspect classifications under the present Illinois Constitution. (*People v. Ellis* (1974), 57 Ill. 2d 127, 311 N.E.2d 98; *Phelps v. Bing* (1974), 58 Ill. 2d 32, 316 N.E.2d 775.) Decisions of the Illinois Supreme Court rendered prior to the effective date of the 1970 Constitution did not so hold. *Jacobson v. Lenhart* (1964), 30 Ill. 2d 225, 195 N.E.2d 638.

In the instant case it is not argued, and we do not find, that the classification in question is rationally related to a legitimate governmental objective nor any compelling State interest which justifies treating males and females of the same age differently for the purpose of determining their ability to commence legal proceedings. The rationale of the Illinois Supreme Court in *Jacobson*, decided as it was prior to the ruling of the United States Supreme Court in *Reed* and the subsequent decision of the Illinois Supreme Court in *Phelps*, must no longer be considered as controlling of the instant case.

■■ Plaintiff, a female born on May 19, 1953, reached majority on May 19, 1971. On such date she was deemed an adult and under no disability and capable of commencing legal proceedings in her own name. Upon application of the relevant section of the Limitations Act, she was required to have filed suit in connection with an accident which occurred

on July 9, 1970, on or before May 19, 1973. Therefore, an action filed on August 14, 1973, was untimely and subject to dismissal on this basis.

However, a male born on May 19, 1953, would also reach his majority on May 19, 1971, by operation of the legislative amendment to section 131 of the Probate Act (Ill. Rev. Stat. 1973, ch. 3, par. 131, effective August 24, 1971). Such a male would be permitted to file suit in connection with an accident which occurred on July 9, 1970, within two years of the effective date of this statutory provision (*i.e.*, August 24, 1973). Consequently, an action filed on August 14, 1973, would be deemed timely filed. (*Kitching v. Ridings* (1977), 45 Ill. App. 3d 555, 359 N.E.2d 1155; *Goodwin v. Goldstein* (1977), 46 Ill. App. 3d 704, 361 N.E.2d 128; *Fisk v. Shunick* (1976), 37 Ill. App. 3d 81, 345 N.E.2d 194.) We do not condone a failure to proceed to trial in an expeditious manner. However, it remains uncontroverted that were the instant plaintiff of the masculine gender, her suit would have been timely filed. She was, therefore, the target of an unconstitutional statutory discrimination and to bar her suit upon application of the Limitations Act would serve to deny her equal protection of the law.

Accordingly, for the aforementioned reasons, the judgment of the circuit court is reversed and the cause remanded for further proceedings.

Reversed and remanded.

DOWNING and BROWN, JJ., concur.