NANCI MUNCK, Plaintiff-Appellant, *v.* GEORGE MUNCK, Defendant-Appellee.

First District (2nd Division) No. 76-952

Opinion filed July 5, 1978.

Bentley, Du Canto, Silvestri, Forkins & Doss, Ltd., of Chicago (James M. Forkins and Owen L. Doss, of counsel), for appellant.

Constantine N. Kangles, Ltd., of Chicago, for appellee.

Mr. JUSTICE BROWN delivered the opinion of the court:

Plaintiff filed a post-decretal petition for a rule to show cause against the defendant father, alleging that he failed to furnish tax returns and failed to pay child support and provide a college education for William Bradley Munck, one of four children of the parties. The plaintiff appeals from that portion of the trial court's April 26, 1976, order, which decreed that the defendant was no longer liable under the January 21, 1971, judgment for divorce to pay child support for William since he was over 18 years of age. The issue presented for our determination is what is the age of majority under a divorce decree providing for child support for "minor children" and rendered prior to August 24, 1971, the effective date of the amendment to the Probate Act lowering the age of majority for males to the age of 18. Ill. Rev. Stat. 1971, ch. 3, par. 131.

The January 21, 1971, divorce decree, incorporating an oral agreement at trial, stated the respective names and ages of the couple's children: "* * * William Bradley, now about 14 years of age; Karen, now about 12 years of age; Brian, now about 10 years of age; and Christopher, now about 7 years of age. * * *" The decree consistently referred to the children as "minor children." It granted custody of the children to the plaintiff and required the defendant to pay $125 per month per child as and for child support until further agreement of the parties or further order of court. The decree also provided that the defendant was obligated to pay for a college or university education for the children and that he was relieved of his child support obligation for those months when the children are in actual attendance at the college or university. An agreed order was entered December 15, 1971. It provided for an increase to $175 per month per child as and for child support, effective August 18, 1971, and that child support shall be reduced to 50% of normal monthly support payments while the children are in residence with the father during the summer for 14 days or longer.

Plaintiff filed her petition for a rule to show cause on January 6, 1976, and therein alleged, inter alia, that the defendant failed to provide child support for William. The rule was entered and the hearing thereon was continued twice.

At the hearing on April 20, 1976, at which neither the defendant nor his

attorney appeared, plaintiff's counsel represented to the court that the defendant had agreed to pay for William's education, but that the remaining matters raised by the petition were open. The trial court inquired as to William's age in response to counsel's request under the divorce decree for child support for William during the summer months while he was not in college. Plaintiff replied "Nineteen." The trial court then stated that "* * * the latest case, which is a federal case * * *'" changed the age of majority and "* * * says that there is a lack of due process if you treat girls and boys differently. * * *'"

On April 26, 1976, the trial court entered a written order which provided, *inter alia*: "[t]hat William Bradley is now over 18 years of age and now an adult and that therefore the defendant, George J. Munck, Jr., is no longer liable under the judgment for divorce to pay his child support to Nanci Munck; * * * that the defendant, George J. Munck, Jr., is not liable for child support for William Bradley Munck during those periods of time when he is living with the plaintiff and not in attendance at college."

■■ We note at the outset that the defendant unilaterally terminated child support for William. We cannot condone his action. "A father may not decide when and for what reason he will discontinue child support; that decision is within the sole province of the court." (*Cooper v. Cooper* (1st Dist. 1978), 59 Ill. App. 3d 457, 463, 375 N.E.2d 925, 931.) The defendant cannot unilaterally terminate support payments because the decree is a continuing order. *Dunsky v. Dunsky* (1st Dist. 1976), 40 Ill. App. 3d 845, 848, 353 N.E.2d 371; *Wilson v. Wilson* (2d Dist. 1970), 122 Ill. App. 2d 142, 148, 257 N.E.2d 810.

Our attention is next directed to plaintiff's contention that a male child's age of majority in the context of child support is determined by reference to the majority statute as it existed at the time of the entry of the divorce decree (Ill. Rev. Stat. 1959, ch. 3, par. 131), notwithstanding a subsequent change in the majority statute (Ill. Rev. Stat. 1971, ch. 3, par. 131). At the time the divorce decree was rendered, Illinois law provided that children would be considered minors until males reached the age of 21 and females the age of 18. (Ill. Rev. Stat. 1959, ch. 3, par. 131.) Effective August 24, 1971, this provision was amended to lower the age at which males attain majority to 18 years. Ill. Rev. Stat. 1971, ch. 3, par. 131.

This court has uniformly held that the meaning of the phrase "minor children" is determined by an examination of the statute existing at the time of the entry of the divorce decree, and that the amendment to section 131 of the Probate Act does not affect the father's obligation to pay child support for male children until the age of 21. *Venegas v. Venegas* (1st Dist. 1977), 46 Ill. App. 3d 998, 361 N.E.2d 658; *Dunsky v. Dunsky* (1st Dist. 1976), 40 Ill. App. 3d 845, 353 N.E.2d 371; *Bobus v. Bobus* (2d

Dist. 1974), 24 Ill. App. 3d 428, 321 N.E.2d 169 (abstract); *Strum v. Strum* (4th Dist. 1974), 22 Ill. App. 3d 147, 317 N.E.2d 59; *Carpenter v. Carpenter* (2d Dist. 1974), 21 Ill. App. 3d 1022; 316 N.E.2d 207; *Waldron v. Waldron* (5th Dist. 1973), 13 Ill. App. 3d 964, 301 N.E.2d 167.)[1] However, none of these cases considered the effect of the constitutional impermissibility of different ages of majority for males and females in the context of child support. (*Stanton v. Stanton* (1975), 421 U.S. 7, 43 L. Ed. 2d 688, 95 S. Ct. 1373; (1977), 429 U.S. 501, 50 L. Ed. 2d 723, 97 S. Ct. 717.) In the instant case, this constitutional issue was raised by the trial court *sua sponte*, and we assume, as do the parties, that the trial court was relying on *Stanton I* (1975), 421 U.S. 7, 43 L. Ed. 2d 688, 95 S. Ct. 1373, in ruling on plaintiff's petition.

In *Stanton v. Stanton* (1974), 30 Utah 2d 315, 517 P.2d 1010, the Utah Supreme Court held that Utah's majority statute (Utah Code Ann. §15—2—1 (1953)), which provided that minority extended in males to the age of 21 years and in females to 18 years, was constitutional upon an equal protection attack by a female whose child support payments had been stopped by her father when she reached 18 years of age. The court further held that the only other child of the parties, a male who was two years younger than his sister, was entitled to support "* * * during his minority * * *" unless otherwise ordered by the trial court. (30 Utah 2d 315, 320, 517 P.2d 1010, 1014.) Upon appeal in *Stanton I*, the United States Supreme Court held that Utah's majority statute (Utah Code Ann. §15—2—1 (1953)), regarding child support payments, violated the equal protection of the laws guaranteed by the fourteenth amendment to the United States Constitution. The United States Supreme Court further ruled that it was not for it to determine when the father's obligation for his children's support, pursuant to the divorce decree, terminated under Utah law, and it remanded the cause to the Utah Supreme Court for that determination. "The thrust of *Stanton I* * * * was that males and females cannot be treated differently for child-support purposes consistently with the Equal Protection Clause of the United States Constitution. [Citation.]" (*Stanton II*, 429 U.S. 501, 503, 50 L. Ed. 2d 723, 726, 97 S. Ct. 717, 718.) In *Stanton II*, the Utah courts were again cautioned to follow this principle. It is interesting to note that Utah and Illinois had similar statutory provisions both before and after the amendment of their respective majority statutues.

We have previously held that the former Illinois majority statute, which provided for different ages of majority for males and females, constituted a violation of the equal protection clause of the fourteenth amendment as well as article I, section 2 of the Illinois Constitution of 1970. In *Jeschke v.*

---

[1] *Bobus, Strum, Carpenter* and *Waldron* were all decided prior to *Stanton. Venegas* and *Dunsky* were decided subsequent to *Stanton I* but did not consider *Stanton I*.

*Ruhlow* (1st Dist. 1978), 59 Ill. App. 3d 125, 376 N.E.2d 15, we held that if the former Illinois majority statute was applied in connection with section 21 of the Limitations Act (Ill. Rev. Stat. 1969, ch. 83, par. 22) to bar the cause of action of the 20-year-old plaintiff female therein, she would be denied the equal protection of the law, as the action of a male with the same birthdate would not be barred under the facts of that case as he could file suit within two years after the effective date of the amendment to section 131 of the Probate Act. *Jeschke*, citing *Kitching v. Ridings* (2d Dist. 1977), 45 Ill. App. 3d 555, 359 N.E.2d 1155; *Goodwin v. Goldstein* (3d Dist. 1977), 46 Ill. App. 3d 704, 361 N.E.2d 128; *Fisk v. Shunick* (2d Dist. 1976), 37 Ill. App. 3d 81, 345 N.E.2d 194.

*Jeschke* is distinguishable from the instant case in that in *Jeschke*, the former majority statute was raised to bar a cause of action in connection with the tolling provision of the Limitations Act (Ill. Rev. Stat. 1969, ch. 83, par. 22), whereas here the former majority statute is raised to allow recovery for child support. In *Jeschke*, we did not decide what is an identical age of majority for both males and females prior to the effective date of the amendment to section 131 of the Probate Act for purposes of the tolling provision of the Limitations Act (Ill. Rev. Stat. 1969, ch. 83, par. 22). Thus, *Jeschke* is not dispositive of the issue presented in the case at bar.

The determination of what is the identical age of majority for both males and females under a divorce decree providing for child support for "minor children" and rendered prior to August 24, 1971, the effective date of the amendment to section 131 of the Probate Act, is a matter to be decided by the Illinois courts. (*Stanton I; Stanton II.*) In making this determination, *Stanton II* suggests the following lines of authority as options we may choose[2]: (1) rely on Ill. Rev. Stat. 1977, ch. 28, par. 1, which provides that the common law of England is the rule of decision until repealed by legislative authority, and adopt age 21 as the age of majority in the absence of a valid statute governing child-support cases or (2) take note of the amendment to the Illinois majority statute and read the amendment as an expression by the legislature that the public policy of Illinois is to treat both males and females as adults at the age of 18.[3]

■■ The trial court apparently followed the latter line of authority and we believe this to be the better view. The 1971 amendment to section 131 of the Probate Act has clarified the status of Illinois law and establishes as

---

[2] These options were suggested in footnote 4 of *Stanton II. Stanton II* (1977), 429 U.S. 501, 504 n. 4, 50 L. Ed. 2d 723, 726-27, n. 4, 97 S. Ct. 717, 719 n. 4.

[3] Plaintiff in her brief before this court points out that the *Stanton* court did not consider the question of a subsequent change in the age of majority upon an existing obligation. Plaintiff states that existing obligations cannot be changed by Federal or State courts. However, no authority is cited to support such statement, nor does the instant record disclose an existing obligation, as compared to a judicial decree, that is being changed.

a matter of public policy the age of majority for both sexes at age 18. We hold that age 18 is the age of majority for both males and females under a divorce decree providing for child support for "minor children" and rendered prior to August 24, 1971, the effective date of the amendment to the Probate Act. (Ill. Rev. Stat. 1971, ch. 3, par. 131.) In the instant case, the trial court did not err in finding that the defendant's obligation under the divorce decree to pay child support for William ceased upon William's attainment of the age of 18 and that the defendant is not liable for William's child support while he lives with plaintiff and is not in attendance at college.

The order of the circuit court of Cook County is affirmed.

Affirmed.

DOWNING and PERLIN, JJ., concur.